## Hess v. Wyoming Valley Cold Storage and Ice Company, Inc., et al.

*Farrell & Farrell*, for plaintiff.
*Rosenn & Rosenn*, for defendants.

FLANNERY, J., for the court en banc, October 1949.— Defendants filed a preliminary objection to plaintiff's complaint on the ground that the verification was not made by plaintiff in accordance with Pa. R. C. P. 1024.

That rule provides, inter alia:

"(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the Court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party."

The verification in the complaint is as follows:

"Herbert J. Giering being duly sworn according to law, says that he investigated the facts set forth in the within complaint and that they are true and correct, and further that the verification of the plaintiff, Henry E. Hess, can not be obtained for the reason that he is now an employee of one of the defendants, to wit: the Wyoming Valley Cold Storage and Ice Cream Company, Incorporated."

It is admitted that this is a subrogation action instituted by the compensation insurance carrier of the company which employed plaintiff at the time of the accident. It is admitted that the affiant is the agent of that insurance carrier, real plaintiff in the action. These facts are important. It was alleged at argument that record plaintiff, Hess, is hostile and it was impossible to obtain his signature, but we regard this as immaterial under our disposition of the matter.

The fact remains that the verification is signed by the agent of the real party in interest—the party filing the pleading—and there is substantial compliance with the rule. It follows, therefore, that the preliminary objection is without merit.

Objection dismissed.