## Eckels v. Firestone Products Co., Inc.

*Samuel L. Sagendorph*, for plaintiff.
*Duffy, McTighe & McElhone*, for defendant.

FORREST, J., November 26, 1956.—This is an action in trespass for damages to plaintiff's house allegedly caused by blasting in defendant's quarry. The complaint was not verified by plaintiff, but by one G. B. Greenlee, who averred that the verification of plaintiff is unobtainable for the reason that he is friendly to defendant. However, the complaint fails to show that deponent has any interest in the case. Defendant filed a preliminary objection, in which it moved the court "for judgment" and "to dismiss the complaint".

A motion for judgment on the pleadings is authorized only "after the pleadings are closed" (Pa. R. C. P. 1034), and a complaint should be dismissed or final judgment entered against a plaintiff on demurrer only where upon the facts averred the complaint shows with certainty that the law will not permit a recovery by plaintiff. Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it: Sun Ray Drug Co. v. Lawler, 366 Pa. 571 (1951). In this instance, defendant's objection is purely formal and should have been raised, according to Pa. R. C. P. 1017(b)(2), in the form of "a motion to strike off a pleading because of lack of conformity to law or rule of court. . . ." Nevertheless, we have considered it as if it were a motion to strike, so that we may pass upon the question raised by defendant.

Pa. R. C. P. 1024(a) and (c) provide, inter alia, that: "Every pleading containing averments of facts not appearing of record in the action . . . shall be verified on oath or affirmation" which "shall be made by one or more of the parties filing the pleading", with certain exceptions not material in this case.

Counsel for plaintiff states in his brief that, "though it is not disclosed in the pleadings, this case is being pursued by a subrogated insurance company without its disclosure as the real party in interest." Assuming

for the moment that this is so, it cannot be doubted under Pa. R. C. P. 2002(*d*) that an insurer-subrogee is specifically exempted from the general requirement of Pa. R. C. P. 2002(*a*) that all actions shall be prosecuted by and in the name of the real party in interest. Then is it necessary that the verification be made by a party *appearing as such in the caption of the case?* Pa. R. C. P. 1024 does not so state either specifically or by implication. The test is whether . . . "the verification is signed by the agent of the real party in interest—the party filing the pleading . . .": Hess v. Wyoming Valley, etc., Ice Co., Inc., 70 D. & C. 399, 400 (1949). See also Goodrich-Amram, section 1024(*c*)-1.

If a subrogee is a real party in interest in this case, the verification should so state and should show that it is made by a duly authorized officer or agent of the subrogee. Pleadings should be self-sustaining without support aliunde; the propriety of the verification of a complaint cannot be made dependent on oral representations of counsel in argument court. Otherwise, a defendant in this and similar cases would always be put to the intolerable burden of moving to strike off the complaint every time the complaint was not signed by plaintiff, in order to ascertain whether the affiant was a mere meddler.

An opportunity should be afforded to the insurer-subrogee, if any there is, who may be the real party in interest, to file an amended complaint containing a verification in accordance with the foregoing opinion.

And now, this November 26, 1956, the preliminary objection considered as a motion to strike off the complaint is sustained, and plaintiff is allowed 20 days from the date hereof within which to file an amended complaint in conformity with foregoing opinion. Exception to plaintiff.