**Harry P. BEGIER, Jr., Trustee, Plaintiff,**

v.

**PRICE WATERHOUSE, Defendant.**

**Civ. A. No. 87-6096.**

United States District Court, E.D. Pennsylvania.

Dec. 14, 1987.

David Fishbone, Philadelphia, Pa., for plaintiff.

John Harkins, Jr., Patricia L. Freeland, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

AIA Industries, Inc. is currently in reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1146. This court is all too familiar with the financial troubles of AIA. Recently, I approved a settlement resolving actions brought by the trustee and the shareholders of AIA against the corporation, several officers and directors, and the underwriters of AIA's initial public offering. *In re AIA Industries, Inc.*, Master File No. 84–2276 (E.D.Pa. November 25, 1987) [Available on WESTLAW, 1987 WL 25226].

Plaintiff, the trustee for AIA, brought this action against Price Waterhouse, the former accountant for AIA.[1] Defendant performed audits of AIA's financial statements beginning in 1981 and provided unqualified opinions as to their accuracy. In addition, defendant issued a comfort letter to the board of directors of AIA and the underwriters of AIA's initial public offering in July, 1983. The trustee alleges that defendant was grossly negligent in the performance of the audits and incorrectly opined as to the compliance of the financial statements with generally accepted accounting principles. The trustee also alleges that Price Waterhouse knew or should have known that lenders and other creditors of AIA would rely upon the accuracy of the financial statements and the unqualified opinions.

In counts I and II, the trustee claims defendant breached its contract with AIA and negligently performed the accounting services causing AIA to suffer financial harm.

In Count III, the trustee asserts a claim on behalf of the creditors of AIA "pursuant to 11 U.S.C. Section 544, to the extent they have filed valid claims or have valid claims listed in the statement of Financial Affairs and Schedules in the pending bankruptcy cases of AIA." The trustee asserts that creditors of AIA have suffered financial loss as a proximate result of defendant's negligence and breach of contract.[2] Defendant moves for summary judgment on count III on the ground that plaintiff, as the trustee for AIA, lacks standing to assert claims on behalf of the creditors of AIA.

■ The trustee serves as the representative of the debtor and in that capacity has the exclusive authority to collect the debtor's assets.[3] The property of the estate includes all legal and equitable interests the debtor has in property as of the filing of the bankruptcy petition. 11 U.S.C. § 541; *see, e.g., In re MortgageAmerica Corp.*, 714 F.2d 1266 (5th Cir.1983).

---

1. The action was originally filed in the bankruptcy court; however, this reference to the bankruptcy court was subsequently withdrawn.

2. Counts IV and V assert claims under section 10(b) and section 13(b)(2) of the Securities and Exchange Act of ·1934, 15 U.S.C. §§ 78j(b), 78m(b)(2). Defendant moved to dismiss and plaintiff has consented to dismissal of counts IV and V.

3. In a chapter 11 reorganization, a debtor-in-possession has all the powers of a trustee save for certain exceptions not pertinent to this dispute. 11 U.S.C. § 1107. *See also* 11 U.S.C. § 1101(1) (1983) ("'debtor in possession' means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case; ...").

Under section 544, the trustee has the rights and powers of creditors.[4] 11 U.S.C. § 544. This power, however, is not all encompassing. Defendant asserts that section 544 does not provide the trustee power to assert general causes of action on behalf of creditors. *See, e.g., In re Ozark Restaurant Equipment Co.*, 816 F.2d 1222, 1228 (8th Cir.) ("*no* trustee, whether a reorganization trustee as in *Caplin [v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972)] or a liquidation trustee in the present case, has power under section 544 of the Code to assert general causes of action, such as the alter ego claim, on behalf of the bankrupt estate's creditors.") (emphasis in original), *cert. denied sub. nom., Jacoway v. Anderson,* —— U.S. ——, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *Baehr v. Touche Ross & Co.*, 62 B.R. 793 (E.D.Pa.1986). Other courts, however, have held that a trustee has the power to bring an action on behalf of all creditors. *See Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339 (7th Cir.1987); *In re S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc.*, 817 F.2d 1142 (5th Cir.1987); *In re Western World Funding, Inc.*, 52 B.R. 743 (Bankr.D.Nev.1985). I need not decide which of these positions is correct since, even under the latter decisions, the trustee can not maintain his claims on behalf of AIA's creditors.

■ The cases that permit a trustee to pursue claims on behalf of all the creditors of the debtor distinguish between claims that are personal to specific creditors and claims that are general and accrue to the benefit of all creditors. In *Western World,* the court succinctly explained the difference between these claims:

Where the injury alleged is primarily to the corporation, and is injury to the plaintiff creditor only insofar as it decreases the assets of the corporation to which he must look for satisfaction of his debt, then the suit is for a tort suffered by the corporation, and properly brought by the trustee; if there is a special damage to the creditor suing, not common to other creditors, then it is a personal creditor action which the trustee may not pursue.

*Western World,* 52 B.R. at 775; *see also Koch Refining,* at 1349.[5]

Here, the claims asserted by the trustee on behalf of the creditors clearly fall within the category of specific claims. Plaintiff alleges that the financial statements and unqualified opinions were furnished to the creditors of AIA who relied on this information in making financial decisions with respect to AIA. Complaint, ¶ 25 & ¶ 26. Thus, the claims asserted by the trustee

---

**4.** Section 544 provides as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona

fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544 (1983).

**5.** These courts base the distinction upon the Supreme Court's decision in *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972). In *Caplin,* the Court held that a reorganization trustee has no standing to assert a claim on behalf of debenture holders against the indenture trustee. The courts upholding the trustee's right to assert a general claim interpret *Caplin* as only prohibiting specific claims, i.e., the claims of debenture holders. Conversely, other courts read *Caplin* to preclude all suits by a trustee on behalf of creditors. *See, e.g., Ozark,* 816 F.2d at 1227–28.

are personal to each creditor and require proof that each creditor received the financial information prepared by defendant and relied on this information to its detriment. *See, e.g., Cumberland Oil Corp. v. Thropp,* 791 F.2d 1037 (2d Cir.) (creditor's claim that it suffered damages as a result of intentional fraud is property of the creditor, not the debtor's estate), *cert. denied,* —— U.S. ——, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986); *Delgado Oil Co., Inc. v. Torres,* 785 F.2d 857, 859 & n. 4 (10th Cir.1986) (creditor's claim that it suffered damages as a result of its reliance on false representations by director of debtor "was obviously beyond the purview of the bankruptcy proceedings...."). The trustee's claims are not of the type courts have found to be general claims on behalf of all creditors. *See, e.g., In re MortgageAmerica,* 714 F.2d 1266 (5th Cir.1983) (claim to recover fraudulently transferred property of the debtor under a theory of a corporate trust fund or a state fraudulent transfer action; *Koch Refining, supra* (alter ego action to recover preferential transfers and to hold the alter ego liable for the obligations of the debtor); *Delgado, supra* (same). Because the claims brought in count III are not property of the estate but represent claims personal to the creditors, the trustee can not maintain these claims in his capacity as trustee for AIA.

In response to defendant's motion to dismiss, the trustee asserted that it can maintain count III on behalf of one creditor, American Financial Corp. ("AFC"), who assigned all of its rights to bring a claim against Price Waterhouse to the trustee. Defendant correctly points out that the trustee does not state a claim in the complaint on behalf of AFC; therefore, plaintiff's argument is premature. *See* Fed.R. Civ.P. 15.

### ORDER

AND NOW, this 14th day of December, 1987, upon consideration of defendant's motion to dismiss, it is hereby ordered as follows:

1. Counts IV and V are dismissed with the consent of plaintiff.

2. Count III is dismissed for the reasons set forth in the accompanying memorandum.