587 A.2d 382

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, as Rehabilitator of the Mutual Fire, Marine & Inland Insurance Company,**

**v.**

**PEAT MARWICK MAIN & CO.**

**Constance B. Foster, Insurance Commissioner of the Commonwealth of Pennsylvania, as Rehabilitator of the Mutual Fire, Marine & Inland Insurance Company, Plaintiff.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided Feb. 21, 1991.

Roger Curran, with him, Richard DiSalle and Susan Hileman Malone, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, for plaintiff.

John W. Frazier, IV, with him, John E. Caruso and Richard G. Placey, Montgomery, McCracken, Walker & Rhoads, Philadelphia, for defendant.

150

Before CRAIG, President Judge, and BYER, J., and CRUMLISH, Jr., Senior Judge.

CRUMLISH, Jr., Senior Judge.

## OPINION

Before us are the preliminary objections of Peat Marwick Main & Company (Peat Marwick) to the complaint filed against it by Constance Foster, Insurance Commissioner of the Commonwealth, in her capacity as the rehabilitator of the Mutual Fire, Marine and Inland Insurance Company (Mutual Fire). We overrule these preliminary objections.

Since this Court's order of December 4, 1986, Mutual Fire (now determined to be insolvent) has been placed in statutory rehabilitation under Section 515 of Article V of the Act of May 17, 1921, P.L. 789, *as amended,* added by the Act of December 14, 1977, P.L. 280, 40 P.S. § 221.15. As statutory rehabilitator, the Insurance Commissioner is authorized to administer Mutual Fire's estate under this Court's orders and to pursue whatever legal action against third parties she deems appropriate. Section 516 of Article V, 40 P.S. § 221.16.

Commissioner Foster (hereinafter, the Rehabilitator) has brought this action in our original jurisdiction [1] on behalf of Mutual Fire, all of its policyholders and insureds, and all other creditors and interested parties. (complaint, para. 2). The defendant, Peat Marwick, was Mutual Fire's independent auditor for the years ending December 31, 1980 through December 31, 1985. (complaint, paras. 5 and 10).

The Rehabilitator's complaint presents three counts: Count I avers negligence and malpractice for Peat Marwick's failure, generally speaking, to exercise the required degree of skill and professional care in auditing and accounting; for failure to comply with generally accepted auditing standards ("GAAS"); for failure to comply with

1. 42 Pa.C.S.A. § 761(a)(3) provides that Commonwealth Court shall have original jurisdiction of all civil actions or proceedings arising under Article V of the Act of May 17, 1921, P.L. 789, *as amended.*

statutory accounting practices ("SAP"); and for performing the services for which it was retained in a grossly negligent, reckless and willful manner. (complaint, paras. 17 through 32).

Count II avers breach of contract for failure to perform the services according to the aforementioned industry standards and practices, as agreed to in its retainer agreement. (complaint, para. 33–39).

Count III avers misrepresentation on the part of Peat Marwick for knowingly, intentionally, and recklessly making untrue statements of material facts about Mutual Fire's financial condition and for omitting material facts necessary to make accurate audit reports, on which Peat Marwick knew Mutual Fire, regulatory authorities and policyholders would rely. (complaint, paras. 40–43.)

In response, Peat Marwick has filed (I) a preliminary objection "in the nature of a motion to dismiss" for failure to state a claim for relief; and (II) a preliminary objection in the nature of a motion to strike for failure to conform to rules of court.

In ruling on these preliminary objections, we note at the outset that they may be sustained only if the law says with certainty that no recovery is possible. *Cianfrani v. State Employees' Retirement Board*, 505 Pa. 294, 479 A.2d 468 (1984), and a complaint is clearly insufficient to establish any right to relief. *Allegheny County v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985). If any theory of law will support a claim, preliminary objections are not to be sustained, *Cianfrani*, and any doubt should be resolved against the objecting party. *International Association of Firefighters, Local 2493 v. Loftus*, 80 Pa.Commonwealth Ct. 329, 471 A.2d 605 (1984).

With these standards in mind, we address each of Peat Marwick's preliminary objections.

## I. *Preliminary Objection in the Nature of a Motion to Dismiss*

First, Peat Marwick maintains that the complaint fails to state a cause of action because the rehabilitator improperly

seeks to assert the claims, not of Mutual Fire itself, but of policyholders, creditors and others.

Section 516(c) of Article V, 40 P.S. § 221.16(c) states: If it appears to the rehabilitator that there has been criminal or tortuous conduct, or breach of any contractual or fiduciary obligation detrimental to the insurer by any officer, manager, agent, broker, employe, or other person, he may pursue all appropriate legal remedies on behalf of the insurer.

Peat Marwick asserts that the law authorizes the Rehabilitator to sue only for damages to the insurer, Mutual Fire, because the language of section 516(c) authorizing actions "on behalf of the insurer" where there has been "conduct ... detrimental to the insurer...." limits the Rehabilitator to actions for *Mutual Fire's* claims and damages. Thus, she cannot bring a complaint on behalf of Mutual Fire's policyholders and other creditors.

■ However, Peat Marwick mischaracterizes the Rehabilitator's complaint. First, Mutual Fire is a mutual insurance company, owned by its policyholders. As noted above, the Rehabilitator brought this action on behalf of the company, all of its policyholders and insureds, all other creditors and interested parties. The Rehabilitator asserts that "any judgment obtained as a result of this action will become an asset of the estate of Mutual Fire and will be distributed, pursuant to the plan of Rehabilitation, to Mutual Fire's policyholders, creditors, cedents and other claimants." (complaint, para. 6). The complaint proceeds to describe the retainer agreement between *Mutual Fire* and Peat Marwick, transactions between the two entities and duties owed *to Mutual Fire.* It alleges that Peat Marwick's nonfeasanse and misfeasance caused *"Mutual Fire* to sustain heavy losses and were a substantial contributing factor to the ultimate insolvency of Mutual Fire." (complaint, para. 27) (emphasis added).

In her contract claim, the Rehabilitator alleges that as a result of Peat Marwick's breaches, amply described in the

complaint, "Mutual Fire's assets were dissipated" and "Mutual Fire, its policyholders and other creditors suffered damages." (complaint, para. 38). In her misrepresentation count, the Rehabilitator avers that Peat Marwick knew and intended that *Mutual Fire's* officers and directors and regulatory authorities, among others, would rely on Peat Marwick's financial opinions. As a proximate result, *Mutual Fire's* financial condition was misstated and it continued to write insurance business. Perhaps more importantly to the plaintiff, the complaint alleges that as an additional proximate result, Mutual Fire was *allowed by regulatory authorities* to continue writing business. (complaint, paras. 93–45).

 Even if we were to assume *arguendo* that the Rehabilitator could not assert the claims of any person other than the insurer, the complaint alleges sufficient injury to Mutual Fire itself, *in addition* to those claims purportedly asserted on behalf of policyholders and others, to state a cause of action. As we have noted, if any theory of law will support a claim, preliminary objections are not to be granted. *Cianfrani.* For purposes of deciding preliminary objections then, the "primary focus" of the complaint, as Peat Marwick puts it, is of less moment than the express averments contained therein.

However, to assume that Section 516(c) precludes the Rehabilitator from bringing actions on behalf of policyholders and other creditors is to ignore the mandate of Section 501 of Article V, requiring us to liberally construe the Article to effectuate its purpose, plainly stated therein, which is "[to protect] the interests of *insureds, creditors* and *the public* generally." 40 P.S. § 221.1(b) and (c) (emphasis added). The Rehabilitator is thereby authorized to take action—including legal action—to insure the protection of policyholders, among others. Section 516(c), read in the context of the entire article and construed *in pari materia* with Section 501, does not limit the Rehabilitator to claims asserted by Mutual Fire's corporate body, as Peat Marwick would have us hold.

On the contrary, the caselaw of other jurisdictions on which Peat Marwick relies suggests the opposite. Those authorities plainly recognize that a rehabilitator, in her capacity as a receiver, may assert injury common to shareholders and general creditors and enjoys the authority to recover estate assets to which they will eventually look for recovery.

In *In the Matter of Integrity Insurance Co. (Merin & Clark Equipment Co. v. Yegen Holdings Corp.)*, 240 N.J.Super. 480, 573 A.2d 928 (App.Div.1990), the court explained the distinction in insurer liquidation proceedings between injuries suffered by the insurer (and therefore its estate), and injuries to individuals *over and above* or *not common to* those injuries suffered by all policyholders as a result of the estate's insolvency. There, the court eliminated those causes of action which might have been improperly brought to enforce a *strictly personal claim, Id.*, at 496, 573 A.2d, at 936, but allowed the liquidator to proceed with the remaining causes of action.

In her complaint, wherein she avers that any recovery obtained will become an asset of the Mutual Fire estate to be distributed to policyholders, creditors, and other claimants, the Rehabilitator seeks precisely the recovery to which Integrity's liquidator was limited—that is, to those causes of action "which seek a recovery which will inure to and increase the assets of [the] estate." *Id.*, at 496, 573 A.2d at 936.[2]

Nor is *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972), a bankruptcy proceeding, of much avail to Peat Marwick. The bankruptcy trustee in *Caplin* asserted claims not common to all creditors but rather, individual claims unique to a small

**2.** *See also In Re: Sunrise Securities Litigation,* 916 F.2d 874 (3rd Cir.1990) (federal courts applying state law will hold that savings and loan depositors' claims based on injuries sustained generally or primarily by the institution belong to that financial institution through its receiver).

number of creditors.[3] In addition, the Supreme Court recognized an apparent legislative intent in the federal law not to grant to a (former Chapter X) trustee standing such as the Rehabilitator asserts in her complaint. *Id.*, at 428, 92 S.Ct. at 1685. In contrast, the plain language of Article V, as previously noted, invests the Rehabilitator with the duty to protect insureds, other creditors and the public generally, as well as to pursue legal action toward that end.

Peat Marwick does at the very least acknowledge the holding of *Corcoran v. Frank B. Hall & Co., Inc.*, 149 A.D.2d 165, 545 N.Y.S.2d 278 (1989) a case we believe is nearly on point with this action. There, a liquidator sued the company's auditor on behalf of the company, its creditors and policyholders. Similarly, the defendant in that action moved to dismiss because the New York liquidation statute limited the liquidator's power to sue. In denying that motion, the New York appellate court held that the liquidator had *preeminent* standing to assert claims on behalf of policyholders and creditors.

Thus, there is ample authority for overruling Peat Marwick's objection brought on the ground that the Rehabilitator has failed to assert a claim for relief. In addition to the estate's claims, which Peat Marwick concedes are properly brought by the Rehabilitator, Article V gives her broad, remedial powers to insure the protection of persons other than the estate. The weight of authority in other jurisdictions militates toward a determination that the Rehabilitator has such standing. Finally, the complaint contains sufficient averments of injury to the estate itself and seeks remedies which are fully consistent with the plaintiff's itself powers and duties as Rehabilitator under Article V.

### Failure to Conform to Pennsylvania Rule of Civil Procedure

As to Peat Marwick's argument that the Rehabilitator failed to plead fraud with particularity, we find that

**3.** *See also Begier v. Price Waterhouse,* 81 B.R. 303 (Dist.E.D.Pa.1987), for the distinction between general claims of shareholders and personal, individual claims.

nowhere in its preliminary objections was this failure pled. The Pennsylvania Rules of Civil Procedure require that all preliminary objections must state specifically the grounds relied upon. Pa.R.C.P. No. 1028(a). We therefore conclude that Peat Marwick has waived this issue.

Nonetheless, to the extent that Peat Marwick's argument in this regard is incorporated into its motion to dismiss for failure to state a cause of action, we note that under this Court's caselaw, and that of other jurisdictions, compliance with Pennsylvania Rule of Civil Procedure 1019(b) is not overly burdensome. The requirements of the rule are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company*, 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *McGinn v. Valloti*, 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Peat Marwick for purposes of defending the claim. *National Apartment Leasing*.[4]

## II. *Preliminary Objection in the Nature of a Motion to Strike*

Finally, we address Peat Marwick's argument that the complaint should be stricken for failure to attach financial statements and reports. Pa.R.C.P. No. 1019(a). We agree with the Rehabilitator that these documents need not be attached since they are in the possession of Peat Marwick. Moreover, while the documents themselves may constitute important evidence in the litigation, they are not documents which *created* the legal obligations Peat Marwick is said in the complaint to have breached. They are

---

4. *See also Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F.Supp. 518 (S.D.N.Y.1977), wherein the court held that, under the federal rules, knowledge or recklessness can be averred generally, even in a securities fraud complaint, and compliance with the particularity requirement would be found if the plaintiff pled facts showing Peat Marwick had acted with knowledge that financials were false and misleading or in reckless disregard of that fact.

not writings upon which the Rehabilitator's claims are based. We therefore see no need to have attached these documents. Accordingly, we overrule this preliminary objection.

## Conclusion

For the reasons set forth above, we overrule each of Peat Marwick's preliminary objections and direct it to file a responsive pleading within twenty days.

## ORDER

The preliminary objections of defendant Peat Marwick in the above captioned matter are hereby overruled. Peat Marwick shall file a responsive pleading within twenty (20) days of the date of this Order.