## Langoussis v. Easton Hospital

C.P. of Northampton County, no. C0048CV2002-001456.

*Donald P. Russo,* for plaintiff.
*Roger J. Susanin* and *John A. Adams,* for defendant.

McFADDEN, *J.,* October 25, 2002—

STATEMENT OF REASONS

Presently before the court for disposition are the preliminary objections of the defendant, Easton Hospital, to the complaint filed by the plaintiff, Teresa Langous-

sis. By way of their preliminary objections, the defendant seeks dismissal of the complaint for failure to state a claim upon which relief can be granted.

This matter was assigned to the Honorable F.P. Kimberly McFadden from the August 27, 2002 argument list. Following review of the complaint and the briefs submitted in relation to the preliminary objections, this matter is now ready for disposition.

## FACTUAL/PROCEDURAL HISTORY

Plaintiff, Teresa Langoussis, was employed by defendant, Easton Hospital, as a dialysis nurse manager. On September 25, 2001, defendant terminated plaintiff's employment. On May 8, 2002, plaintiff filed this complaint, claiming a violation of the Pennsylvania Whistleblower Law for discriminatory and retaliatory discharge.

The complaint alleges that plaintiff made a good faith report to defendant regarding wrongdoing and waste in the dialysis unit. Plaintiff further claims that she reported to administration concerns regarding patient care, equipment breakdowns, staffing problems, supply shortages, and violations of nephrology practices. Plaintiff claims that her actions were protected by the Pennsylvania Whistleblower Law and that her subsequent discharge on September 25, 2001, was retaliatory and discriminatory and, thus, a violation of that law.

## LEGAL STANDARD

In ruling upon a demurrer, we must accept as true all well pleaded allegations and material facts averred in the complaint as well as all reasonable inferences de-

ducible therefrom. *Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 584 A.2d 403 (1990). This court's analysis is confined to the complaint itself. *Pawlowski v. Smorto,* 403 Pa. Super. 71, 588 A.2d 36 (1991). In the face of a demurrer, a complaint should only be dismissed in cases that are clear and free from doubt. If any theory of law will support a claim, preliminary objections are not to be sustained, as any doubt should be resolved against the objecting parties. *Foster v. Peat, Marwick, Main & Co.,* 138 Pa. Commw. 147, 587 A.2d 382 (1991), *aff'd,* 544 Pa. 387, 676 A.2d 652 (1996). A preliminary objection in the nature of a demurrer will be sustained only when it appears with certainty that the law permits no recovery under the allegations pleaded. *City of Philadelphia v. Buck,* 138 Pa. Commw. 250, 587 A.2d 875 (1991), *appeal denied,* 528 Pa. 618, 596 A.2d 801 (1991).

## DISCUSSION

Defendant has withdrawn his preliminary objection claiming the action is time barred. The court will now address the remaining preliminary objection for dismissal of Count I of plaintiff's complaint.

Defendant contends that they are not subject to Pennsylvania's Whistleblower Law because they are a private hospital and not a "public body," as is required by the statute. Defendant argues that the complaint should be dismissed for failure to state a claim upon which relief can be granted.

Pennsylvania's Whistleblower Law makes it unlawful for a public employer to "discharge, threaten or otherwise discriminate or retaliate against an employee . . .

because the employee or a person acting on behalf of the employee makes a good faith report . . . to the employer or appropriate authority an instance of wrongdoing or waste." 43 P.S. §1423(a). An "employer" is a "person supervising one or more employees, including the employee in question; a superior of that supervisor; or an agent of a public body." 43 P.S. §1422. A "public body" is any body created by the Commonwealth or "which is funded *in any amount by or through Commonwealth* or political subdivision authority or a member of employee of that body." 43 P.S. §1422. (emphasis added) Plaintiff alleges that defendant receives Medicaid funds through the state and that funding qualifies defendant as a "public body" for purposes of the Whistleblower Law.

In *Denton v. Silver Stream Nursing & Rehabilitation Center,* 739 A.2d 571 (Pa. Super. 1999), a recipient of Medicaid funding is a "public body" for purposes of the Whistleblower Law. *Id.* at 576. In *Denton* the plaintiff raised a claim under the Whistleblower Law, alleging that she had been fired from her job in retaliation for carrying on a "clean-up" campaign with management and corporate officials regarding the abuses and instances of wrongdoing she discovered. *Id.* at 573. The defendant, a private nursing home, claimed that receiving Medicaid funding did not qualify them as a "public body" for the purposes of the Whistleblower Law, citing *Cohen v. Salick Health Care,* 772 F. Supp. 1521 (E.D. Pa. 1991). The Superior Court disagreed with *Cohen*, explaining that "the plain meaning of the language of the statute makes it clear that it was intended to apply to all agencies that receive public monies under the administration of the Commonwealth." *Id.* at 576. The court further

stated, "The law clearly indicates that it is intended to be applied to bodies that receive not only money appropriated *by* the Commonwealth, but also public money that passes *through* the Commonwealth" and that "a recipient of Medicaid funding is a 'public body' for purposes of the Whistleblower Law." *Id.* (emphasis in original)

Defendant, Easton Hospital, is a private hospital that receives Medicaid funding. Following *Denton,* defendant constitutes a "public body" for purposes of the Pennsylvania Whistleblower Law.

## ORDER

And now, October 25, 2002, upon consideration of the preliminary objections filed on behalf of defendant, Easton Hospital, it is hereby ordered and decreed that said preliminary objections are denied.

Defendant, Easton Hospital, is directed to file an answer to plaintiff's complaint within 20 days from the date of this order.