**Metzgar v. Star Pontiac Inc.**

*William Coffin,* for plaintiff.
*David Brennan* and *Larry Eisman,* for defendants.

MORAN, *J.,* February 4, 2005—

## STATEMENT OF REASONS

Presently before this court is the preliminary objection of the defendant Western General a/k/a Western General Warranty Inc. to enforce an agreement to arbi-

trate. The plaintiff argues that the agreement to arbitrate is unenforceable because it is unconscionable.[1]

## Standard of Law

In ruling upon preliminary objections, we must accept as true all well-pleaded allegations and material facts averred in the complaint as well as all reasonable inferences deducible therefrom. *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 584 A.2d 403 (1990). This court's analysis is confined to the complaint itself. *Pawlowski v. Smorto,* 403 Pa. Super. 71, 588 A.2d 36 (1991). If any theory of law will support a claim, preliminary objections are not to be sustained, as any doubt should be resolved against the objecting party. *Foster v. Peat Marwick Main & Co.,* 138 Pa. Commw. 147, 587 A.2d 382 (1991). The pertinent facts, as laid out by the complaint, are as follows.

## Statement of Facts

Plaintiff purchased a used motor vehicle from Star Pontiac Inc. and Star Pontiac GMC Truck Inc. She also purchased a limited warranty for the vehicle which covered the vehicle for three months or 3,000 miles, which was serviced by Western General.

Shortly after purchasing the vehicle, it suffered mechanical difficulty requiring extensive repairs. Western General determined that the necessary repairs were not within the scope of the warranty and refused to make the

---

1. Western General raised other preliminary objections which the plaintiff acknowledged would require an amended complaint. In view of that fact and in view of the enforceability of the arbitration agreement, we do not reach the other preliminary objections.

repairs. Plaintiff filed this lawsuit. Star Pontiac Inc. and Star Pontiac GMC Truck Inc. have answered the complaint. Western General raised the agreement to arbitrate in the warranty contract by preliminary objection.

The executed contract between Western General and the plaintiff is attached as exhibit B of the preliminary objections. On page two of three of the contract appears the following language:

"*Arbitration agreement*—Any controversy or claim arising out of or relating to this service contract or the breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgement [sic] upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Any arbitration shall be conducted in the judicial district of purchase and pursuant to the rules of the American Arbitration Association." Western General P.O.'s at exhibit B.

During oral argument, the parties provided the court with the procedural rules governing arbitration under the American Arbitration Association. The rules include a fee schedule.

## Discussion

Western General has filed preliminary objections pursuant to 1028(a)(6) based on the alleged contractual agreement for alternative dispute resolution. The plaintiff argues that enforcing the agreement to arbitrate would be unconscionable pursuant to the Pennsylvania Superior Court's decision in *Lytle v. CitiFinancial Services Inc.,* 810 A.2d 643 (Pa. Super. 2002). "[G]enerally ac-

cepted contract defenses such as duress, illegality, fraud or unconscionability are available to challenge the application of an arbitration provision." *McNulty v. H&R Block Inc.,* 843 A.2d 1267, 1272 (Pa. Super. 2004). As a matter of strong public policy, the courts of this Commonwealth strongly favor the settlement of disputes by arbitration. *Langston v. National Media Corp.,* 420 Pa. Super. 611, 616, 617 A.2d 354, 356 (1992).

The determination of whether a contract or clause is unconscionable is a question of law for the court, which can be decided on preliminary objections. See *e.g., Lytle,* 810 A.2d at 658. The test of unconscionability in a contract is two-fold: (1) the party signing the contract must have lacked a meaningful choice in accepting the challenged provision; and (2) the challenged provision must unreasonably favor the party asserting it. *Todd Heller Inc. v. United Parcel Service Inc.,* 754 A.2d 689, 700-701 (Pa. Super. 2000).

Plaintiff may not have had a meaningful choice in accepting the arbitration clauses, which appear on a preprinted form contract and a identifiable with boldface type lettering "**Arbitration agreement.**" However, there is no reason to conclude that the arbitration provision unreasonably favors the defendant, and thus the plaintiff cannot meet the second prong of the unconscionability test.

The plaintiff argues that arbitrating this case is unconscionable because the cost of filing the arbitration exceeds the cost of filing a complaint, and requires the parties to pay arbitrators to hear this case. This is not a sufficient legal basis to find that the contract is unconscionable. Assuming the amount of this claim exceeds $10,000 but is less than $75,000, the cost to the consumer under the

rules would be a maximum of $375. This amount is not unconscionable. Further, the consumer and the business split the arbitrator's fees, and therefore no party is favored.

The arbitration is to take place in the judicial district where the plaintiff purchased the warranty contract. This provision does not unreasonably favor Western General nor unreasonably burden the plaintiff. Although it limits where an arbitration may take place, having it occur near to where the plaintiff purchased the warranty contract is a reasonable limitation.

The arbitration provision in this case is unlike the arbitration provision found unconscionable in *Lytle*. In so holding, the Superior Court noted several aspects of the agreement that it found to unreasonably favor the defendant:

"The arbitration provision at issue in the instant case provides that the Lytles are required to arbitrate all issues involving more than $15,000, while CitiFinancial remains free to enforce its rights to repayment of the debt or to commence foreclosure against the Lytles' home in the Court of Common Pleas. The arbitration provision also provides a right to a de novo appeal on any issue, while requiring the payment of substantial costs by the unsuccessful party in connection with such an appeal. The arbitration provision also prohibits the Lytles from arbitrating their claim as a class action and precludes them from class action participation as even a member of a class." *Id.* at 660. (footnote omitted)

The arbitration agreement in this case is neutral on its face. It does not give Western General the right to opt out of arbitration as CitiFinancial could have done, nor does it place excess costs nor unnecessary hurdles in or-

der for plaintiff to bring a claim. We therefore hold that it is not unconscionable and direct that the plaintiff and Western General proceed to arbitration as directed in the service contract.

## ORDER

And now, February 4, 2005, the preliminary objection to enforce the arbitration agreement filed by defendant Western General a/k/a Western General Warranty Inc. is granted.