**Liquori v. Wind Gap Chiropractic Center**

*Mark Scoblionko,* for Kunkle.
*William Coffin,* for Liquori.

MORAN, *J.,* March 22, 2005—

## STATEMENT OF REASONS

Dr. Kunkel and Wind Gap Chiropractic Center have filed preliminary objections, alleging that the defendant cannot be found negligent per se, due to the violation of the statutes cited by Frank Liquori in his complaint and counterclaim. He further objects to the overly general and vague allegations of negligence; moves to strike scandalous and impertinent matters; and moves to strike punitive damages. The parties also seek to clarify the procedural irregularity at the district justice level that has led to each party filing a complaint in this matter. Pa.R.C.P.D.J. no. 1004.

### Standard of Law

In ruling upon preliminary objections, we must accept as true all well pleaded allegations and material facts averred in the complaint as well as all reasonable infer-

ences deducible therefrom. *Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 584 A.2d 403 (1990). This court's analysis is confined to the complaint itself. *Pawlowski v. Smorto,* 403 Pa. Super. 71, 588 A.2d 36 (1991). If any theory of law will support a claim, preliminary objections are not to be sustained as any doubt should be resolved against the objecting party. *Foster v. Peat Marwick Main & Co.,* 138 Pa. Commw. 147, 587 A.2d 382 (1991).

## Statement of Fact

The docket in this case contains two documents, one filed by Frank Liquori against Dr. Kunkel and the Chiropractic Center, the other filed by Dr. Kunkel against Frank Liquori, both of which are captioned as complaints. These cases began as proceedings before the district justice. In both cases, District Justice Adrianne L. Masut entered a judgment against Mr. Liquori.

The docket indicates that Mr. Liquori filed an appeal from the district justice decisions in both cases. The notice of appeal also contained a praecipe to enter rule to file complaint and rule to file. In short, this required Dr. Kunkel to file a complaint in the court of common pleas by September 7, 2004, or face a judgment of non pros. The docket reflects that Dr. Kunkel's complaint was filed on September 7, 2004.

On September 10, 2004, Mr. Liquori filed an answer, new matter, and counterclaim to that complaint. A week earlier, on September 3, 2004, Mr. Liquori had filed a complaint naming Dr. Kunkel and the Chiropractic Center as defendants. The averments contained in Mr. Liquori's complaint and in his counterclaim are nearly identical.

With respect to the specific averments by Mr. Liquori against Dr. Kunkel and the Chiropractic Center, he asserts they are negligent per se. He asserts that Dr. Kunkel violated 63 P.S. §625.506 and 49 Pennsylvania Administrative Code §5.81. The statute referenced by Mr. Liquori pertains to the state licensure requirements for a chiropractor generally, and the basis for suspending or revoking a license specifically. Likewise, the section of the Administrative Code referenced by Mr. Liquori pertains to the State Board of Chiropractic of the Commonwealth generally, and the basis for disciplinary action of a chiropractor by the board specifically. There is no allegation that any disciplinary action has been taken against the defendants for the treatment of Mr. Liquori.

Mr. Liquori alleges that after receiving spinal manipulations from the defendants, he suffered increased pain in his legs that immediately abated when he ceased treatment. Liquori complaint at 12; counterclaim at 44.

## Discussion

When taking an appeal from a hearing before a district justice, the rules of procedure governing the proceedings state:

"When judgments have been rendered on complaints of both the appellant and the appellee and the appellant appeals from the judgment on his complaint or on both complaints, the appellee may assert his claim in the court of common pleas by pleading it as a counterclaim if it can properly be so pleaded in that court. If the appellant appeals only from the judgment on his complaint, the appellee may appeal from the judgment on his complaint at any time within 30 days after the date on which the

appellant served a copy of his notice of appeal upon the appellee." Pa.R.C.P.D.J. no. 1004 (C).

This section governs the appeal brought by Mr. Liquori, which is now before this court. Mr. Liquori filed an appeal from both judgments entered against him by District Justice Masut. Therefore, the rules provide that he may assert his claim as a counterclaim if it can be properly pleaded in the court of common pleas. Dr. Kunkel and the Chiropractic Center filed a complaint within the time allotted by the rules. The Rules of Civil Procedure allow Mr. Liquori to raise his lawsuit by way of a counterclaim to Dr. Kunkel's and the Chiropractic Center's complaint, which is precisely what Mr. Liquori did. Mr. Liquori also filed a complaint. The Pennsylvania Rules of Civil Procedure do not permit a party to an individual to file a complaint and a counterclaim. Pa.R.C.P. 1017. Accordingly, we strike Mr. Liquori's complaint, which is nearly identical to the counterclaim he filed to the complaint filed by Dr. Kunkel, however, the Chiropractic Center is not named as a counterclaim defendant in Liquori's counterclaim. The caption in this case shall reflect that Dr. Kunkel is the plaintiff and Mr. Liquori is the defendant.

## Negligence Per Se

In order to plead a claim based on negligence per se, a plaintiff must allege that (1) the purpose of the statute must be, at least in part, to protect the interest of a group of individuals, as opposed to the public generally; (2) the statute or regulation must clearly apply to the conduct of the defendant; (3) the defendant must violate the statute or regulation; (4) the violation of the statute or regulation must be the proximate cause of the plaintiff's

injuries. *Wagner v. Anzon Inc.,* 453 Pa. Super. 619, 627, 684 A.2d 570, 574 (1996); Restatement (Second) of Torts §§286, 288.

The provisions of the Chiropractic Practice Act cited by Mr. Liquori, and the administrative regulations thereunder, deal with disciplinary actions the Board of Chiropractic may take against a chiropractor. As such, they are irrelevant to a claim of negligence by a chiropractor's former patient. The provisions cited by Mr. Liquori do not set a standard of care and are irrelevant to this cause of action. The preliminary objections are therefore granted. All allegations of negligence per se are stricken from Mr. Liquori's answer with new matter and counterclaim. Paragraph 64 of the counterclaim is likewise stricken insofar as there have been no allegations of immoral conduct. Immoral conduct is phraseology used in the administrative regulations for disciplinary actions against chiropractors, which are irrelevant, as well as scandalous and impertinent pursuant to Pa.R.C.P. 1028(a)(2).

### Shotgun Allegations of Negligence

The Pennsylvania Supreme Court has ruled that parties may not make general allegations of negligence using "boilerplate language" such as "in otherwise failing to use due care and caution under the circumstances." See *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). A court may strike any such vague language from the complaint in order to prevent a defendant from being prejudiced in preparing a defense. *Id.* This court has ruled under *Connor* that a defendant has an obligation to file preliminary objections to general allegations of negligence in a complaint to avoid "shot-

gun theories of a plaintiff's case." *Brown v. Snyder,* no. 1991-C-599 (Northampton Cty. C.P., Freedberg, P.J.).

The allegations in paragraph 62 state in pertinent part that the defendant was negligent in:

"(a) Failure to possess the degree of care and skill ordinarily exercised in similar cases by other chiropractors;

"(b) Failure to exercise the requisite degree of care and skill;

"(c) Failure to possess the degree of knowledge and skill ordinarily possessed by other chiropractors;

"(d) Failure to perform to the requisite standards of care under the circumstances; . . .

"(n) Failure to properly and adequately supervise counterclaim defendant's agents, servants and/or employees during the examination and treatment of counterclaim plaintiff;

"(o) Failure to exercise reasonable care in the diagnosis and treatment of counterclaim plaintiff; . . . ." Counterclaim at 62.

These allegations run afoul of Rule 1019(a) of the Pennsylvania Rules of Civil Procedure, which requires a party to set forth the material facts of a cause of action. *Connor,* 501 Pa. at 310, 461 A.2d at 602. The allegations in these subparagraphs are little more than boilerplate language, meant as a catch-all provision. Accordingly, we strike paragraph 62(a)-(d), (n), (o) of the counterclaim. If discovery should turn up additional facts to support the negligence claim, Mr. Liquori may move to amend his counterclaim according to the liberal rules permitted by Pennsylvania Rule of Civil Procedure 1033. See also, *Rivera v. Philadelphia Theological Seminary*

*of St. Charles Borromeo Inc.,* 326 Pa. Super. 509, 527, 474 A.2d 605, 614 (1984) ("Amendments which merely restate in a more distinct form the grounds set forth originally as the basis of the plaintiff's cause of action . . . or merely vary the cause of action, as originally stated, so that the subject matter remains the same, may be made at any time, even after the statute of limitations has run on the claim sued for.").

The remaining allegations in the subparagraphs of paragraph 62 shall not be struck, as these allegations fairly apprise the claims that are being pursued.

### Punitive Damages

The counterclaim asks for punitive damages. As the basis for punitive damages, Mr. Liquori opines that he was required to sign contracts locking him into receiving and paying for 70 visits with the chiropractor which he did not need. The contract has been attached to the complaint filed by Mr. Liquori at exhibits B and C. Contrary to the allegations in the pleadings, the contract permits a patient to discontinue care at his option. Liquori complaint at exhibit C, 4. If a patient chooses to discontinue care before 70 office visits, paragraph 5 of the contract provides for reimbursement of any overpayment.

Accordingly, the rationale for punitive damages is not borne out by the contract language itself. Punitive damages are therefore dismissed.

### ORDER

And now, March 22, 2005, preliminary objections filed by Wind Gap Chiropractic Center and Alan H. Kunkel Jr. are sustained.

Mr. Liquori's complaint is stricken and dismissed. The caption in this case shall reflect that Dr. Kunkel is the plaintiff and Mr. Liquori is the defendant.

All allegations of negligence per se appearing in Mr. Liquori's counterclaim are dismissed. Paragraph 62(a)-(d), (n), (o) of Mr. Liquori's counterclaim are stricken for insufficient specificity. Mr. Liquori's counterclaim seeking punitive damages is stricken and dismissed.