**Asset Acceptance, LLC v. Kuhne**

*Michael B. Volk*, for plaintiff.
*Robert D. Klingensmith*, for defendant.

BARATTA, *J.*, February 17, 2014—

## ORDER OF COURT

And now, this day of February, 2014, upon consideration of the defendant, Dale A. Kuhne's, preliminary objections, and the plaintiff, Asset Acceptance, LLC's, response thereto, it is hereby ordered that said preliminary objections are overruled.

## STATEMENT OF REASONS

Factual and Procedural History

This is an action seeking to recover an amount allegedly overdue on a credit account issued to the defendant, Dale A. Kuhne, by the predecessor in interest to the plaintiff, Asset Acceptance, LLC. The action is before us on the defendant's preliminary objections.

The plaintiff brought an action against the defendant seeking to recover the total amount due, including interest, on the credit account ending in 1130, which is alleged to be $2,696.35, in Magisterial District Court. On September 9, 2013, Magisterial District Judge Todd M. Strohe awarded to the plaintiff a judgment in the amount of $2,801.85. The defendant appealed this judgment on October 9, 2013, to the Northampton County Court of Common Pleas.

On November 4, 2013, the plaintiff filed its complaint. The plaintiff attached three exhibits to the complaint: (1) affidavit of sale of accounts by debt seller and bill of

sale (Exhibit "A"); (2) credit agreement provided by the plaintiff's predecessor in interest (Exhibit "B"); and (3) credit account statements from July 17, 2010, to June 26, 2012 (Exhibit "C"). This complaint was served on the defendant.

The plaintiff alleges in its complaint that the defendant breached the terms of the agreement by failing to make full payments on the amount owed, to the detriment of the plaintiff/plaintiff's predecessor. Complaint ¶ 6. Further, the plaintiff avers that the defendant has used or authorized the use of the account, but his last payment to the account occurred on June 2, 2010. *Id.* at ¶¶ 5, 7. As such, the plaintiff alleges that the defendant owes a balance of $2,597.35 plus interest, which has accrued from the date of assignment at a rate of 6.00% per year, totaling $99.00. *Id.* at ¶ 8.

On November 20, 2013, the defendant filed these preliminary objections and a brief in support. First, the defendant argues that the verification of the plaintiff's complaint is improper, because it was verified by the plaintiff's attorney and not the pleading party, thus violating Pennsylvania Rule of Civil Procedure (Pa.R.C.P.) 1024. Second, the defendant asserts that the plaintiff's complaint fails to comply with Pa.R.C.P. 1019, because the agreement is illegible and insufficient facts are pleaded. Third, the defendant argues raises a preliminary objection in the nature of a demurrer, arguing that the bill of sale does not trace the original account back to the plaintiff.

The plaintiff filed a response to defendant's preliminary objections and a brief in support on December 4, 2013. In its response, the plaintiff first asserts that an in

house/managing attorney of Asset Acceptance, LLC, an authorized agent/employee of the plaintiff, verified its complaint. Second, the plaintiff argues the attached cardholder agreement and the factual detail pled are sufficient to satisfy Pa.R.C.P. 1019. Third, the plaintiff argues that a sufficient chain of title has been established by Exhibit "C."

This matter was placed on the January 28, 2014, argument list and submitted on brief.

## Discussion

The defendant's preliminary objections raise three alleged defects in plaintiff's complaint.

### I. Rule 1028(a)(2): Verification of the Complaint

The defendant argues that the plaintiff failed to comply with the verification requirements of Pennsylvania Rule of Civil Procedure 1024 because an attorney, rather than the pleading party with personal knowledge, signed the complaint. The defendant further asserts that an attorney can only properly verify a complaint under certain circumstances, as Rule 1024(c) requires the plaintiff to state the source of the knowledge made and an explicit reason why verification was not made by the party in order for verification by an attorney to be proper. *See* Pa.R.C.P. 1024(c). In response, the plaintiff asserts that the complaint was verified by the "in house/managing attorney of Asset Acceptance, LLC," an agent with the authority to verify the complaint on its behalf.

Rule 1024 requires that:

(a) Every pleading containing an averment of fact not

appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

(b)....

(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

Pa.R.C.P. 1024.

In Pennsylvania, "[v]erification is necessary to defend a party against spurious allegations; it is not to be transformed into an offensive weapon designed to strike down an otherwise valid petition." *Monroe Contract Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 958 (Pa. Super. 1979). If a verification of the complaint is not made by the party appearing as such in the caption of the case, the relevant test is whether "the verification is signed by the agent of the real party in interest — the party filing the pleading." *Eckels v. Firestone Prods. Co.*, 8 Pa. D.

& C.2d 178, 180 (Ct. Com. Pl. 1956) (quoting *Hess v. Wyoming Valley Cold Storage & Ice Co.*, 70 Pa. D. & C. 399, 400 (Ct. Com. Pl. 1949)). Further, the verification should indicate that it is made by a duly authorized officer or agent of the captioned party, as "[p]leadings should be self-sustaining without support aliunde." *Id.*

In the instant case, the text of the verification of the complaint is as follows:

## VERIFICATION

I verify the fact set forth in this civil complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

*I am authorized to make this verification on behalf of Plaintiff.*

Complaint (emphasis added).

This verification was signed by David DenHouten. Below Mr. DenHouten's signature appears the descriptor: "In House/Managing Attorney of Asset Acceptance LLC." The descriptor sets forth Mr. DenHouten's relationship (employment) with the plaintiff. The text of the verification includes necessary language regarding his authority, personal knowledge, information and belief, as is required under Pennsylvania Rule of Civil Procedure 1024(a). This complaint was signed by the agent/employee of the real party in interest, the party filing the pleading. Therefore, the defendant's preliminary objection under Pa.R.C.P. 1028(a)(2), alleging that the plaintiff did not conform to Pa.R.C.P. 1024, is overruled.

## II. Rule 1028(a)(3): Sufficiency of Specificity in the Complaint

Under the Pennsylvania Rules of Civil Procedure, "when a claim or defense is based on a writing, the pleader shall attach a copy of the writing." Pa. R.C.P. No. 1019(i). In order satisfy the requirements of Rule 1019(i) in a breach of contract action against a credit card account holder, the plaintiff must submit with the pleadings: (1) a cardholder agreement; (2) a complete statement of account; and (3) evidence of ownership of the debt. *See Atl. Credit and Fin., Inc. v. Giuliana*, 829 A.2d 340, 345 (Pa. Super. 2003). Further, in *Discover Bank v. Stucka*, 33 A.3d 82, 87 (Pa. Super. 2011), our Supreme Court found that a true and correct copy of an unsigned cardholder agreement which set forth "the terms and conditions" of the account meets the requirements of Rule 1019(i).

Pennsylvania is a fact-pleading jurisdiction that requires that a complaint give the defendant notice of the claim and the ground the claim rests upon and formulates the issues by summarizing the facts that are essential to support the claim. *See Sevin v. Kelshaw*, 611 A.2d 1232, 1235 (Pa. Super. 1992). The basic rule of due process is that the plaintiff must set forth a *prima facie* case with sufficient specificity so the defendant has notice of the claims it must defend against. *See Farnese v. Se. Pa. Transp. Auth.*, 487 A.2d 887, 891 (Pa. Super. 1985).

Pennsylvania Rule of Civil Procedure 1019(a) requires that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Rule 1019(a) necessitates that the complaint apprise the defendant of the claims asserted against it

and summarize the essential facts to support the claims asserted. *See Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 357 (Pa. Super. 1993). The purpose of Rule 1019(a) is to enable the parties to ascertain the claims and defenses asserted. *Id.*

Here, the plaintiff attached an unsigned agreement to its complaint as Exhibit "B," which contains the terms and conditions of the agreement. In its complaint, further, the plaintiff avers that Exhibit "B" "is a copy of the credit agreement provided to plaintiff by its predecessor in interest as either the action agreement applicable to defendant, or an exemplar of such agreement applicable to accounts issued by Dell Financial Services/CIT Online Bank." Complaint ¶ 4. As such, the plaintiff avers that this was the agreement in effect during the year that the account was opened.

The defendant contends, however, that agreement attached to the complaint is illegible, and thus lacking the specificity necessary under Pennsylvania Rule of Civil Procedure 1028(a)(3) for the defendant to prepare a defense. The defendant also argues that the agreement should be dated and be the original agreement governing the alleged account at the date the alleged account was opened.

The plaintiff has alleged the creation of a credit card account, that the defendant used or authorized the use of the account, that the defendant failed to make payments on the account, and that the plaintiff has attached monthly account summaries. *See* complaint. Under *Stucka*, because the plaintiff attached a true and correct copy of the agreement upon which the account was opened, it sets

forth a viable breach of contract claim. *See Stucka*, 33 A.3d at 87. Finally, the agreement was that which was in effect during the year that the account was opened, 2004.

Therefore, the defendant's preliminary objection under Pa.R.C.P. 1028(a)(3), alleging insufficient specificity in the pleadings regarding the cardholder agreement, is overruled.

## III. Rule 1028(a)(4): Demurrer

The defendant objects to the complaint for its failure to state a cause of action and for legal insufficiency under Pa.R.C.P. 1028(a)(4). Specifically, the defendant asserts that the plaintiff's complaint lacks an appropriate bill of sale because it appears to have bought a pool of accounts, and the bill of sale does not include any account information specific to the defendant's alleged account. As such, he argues, the plaintiff failed to demonstrate that it has standing to bring a claim in its complaint by not properly pleading chain of title.

In response, the plaintiff argues that it attached a copy of the bill of sale to prove its ownership of the account, complying with Pennsylvania Rules of Civil Procedure. The plaintiff also avers in its complaint that it is the current owner of the account. *See* complaint ¶ 1. As such, the plaintiff asserts that it has properly pled chain of title for a cause of action.

In ruling on preliminary objections in the nature of a demurrer, the trial court may consider no testimony or evidence outside of the complaint. *See Mellon Bank, N.A. v. Fabinyi*, 650 A.2d 895, 899 (Pa. Super. 1994). All well-pleaded, material, relevant facts, along with all reasonable

inferences therefrom, must be taken as true; in other words, the court may not consider the factual merits of the claims. *See In re: Adoption of S.P.T.*, 783 A.2d 779, 782 (Pa. Super. 2001). In order to grant a demurrer, it must be certain from the face of the complaint that the claims will not support recovery under any legal theory. *Mellon Bank*, 650 A.2d at 899; *Eckell v. Wilson*, 597 A.2d 696, 697-98 (Pa. Super. 1991).

Preliminary objections, whose end result would be the dismissal of a cause of action, should be sustained only where "it is clear and free from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish [its] right to relief." *Bourke v. Kazaras*, 746 A.2d 642, 643 (Pa. Super. 2000) (citation omitted). Moreover, it is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit recovery. If there is any doubt, it should be resolved by the overruling of the demurrer. *Bailey v. Storlazzi*, 729 A.2d 1206, 1211 (Pa. Super. 1999).

Under Rule 2002 of the Pennsylvania Rules of Civil Procedure, "all actions shall be prosecuted by and in the name of the real party in interest." Pa.R.C.P. 2002. In the case of an assignment, the real party of interest is not the contracting party; instead, "the assignee becomes the legal plaintiff and he is pleading his own interest in the cause of action." *Brown v. Esposito*, 42 A.2d 93, 94 (Pa. Super. 1945). In order to bring a cause of action, therefore, the real party in interest must show how he acquired that interest and "must show affirmatively that he is the real party in interest." *Id.*

Further, the requirement that a plaintiff must show that it

is the real party in interest is distinct from its responsibility to attach the terms of the agreement. *See Foster v. Peat Marwick Main & Co.*, 587 A.2d 382, 387 (Pa. Commw. Ct. 1991). In *Giuliana*, moreover, our Superior Court found that a plaintiff must submit (1) a cardholder agreement, (2) a complete statement of account, and (3) evidence of ownership of the debt in order to properly plead a cause of action against a credit card account holder. *See Giuliana*, 829 A.2d at 345.

Here, the plaintiff has attached the bill of sale, which assigned to it the contracting party's interest in the account, to the complaint as Exhibit "A." Further the plaintiff avers its ownership interest in the account through an assignment. *See* complaint ¶ 1. As a result, the pleadings and the attached bill of sale demonstrate the plaintiff's ownership interest in the account, showing affirmatively that it is the real party in interest.

The defendant's preliminary objection in the nature of a demurrer is overruled, as the plaintiff has properly averred a cause of action against a credit account holder.

Therefore, the defendant's preliminary objections are overruled.