IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick J. Doheny, Jr., an adult    :
individual,    :
                Petitioner    :
   :
           v.    :  No. 253 M.D. 2017
   :  Submitted: August 25, 2017
Commonwealth of Pennsylvania,    :
Department of Transportation,    :
Bureau of Driver Licensing,    :
a governmental agency;    :
Janet L. Dolan, an adult    :
individual; Kara N. Templeton,    :
an adult individual; William A.    :
Kuhar, Jr., an adult individual;    :
Terrance M. Edwards, an adult    :
individual; Donald J. Smith, an    :
adult individual; William J. Cressler,  :
an adult individual; and Philip Murray :
Bricknell, an adult individual,    :
              Respondents    :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI        FILED: September 19, 2017


        Before us are the preliminary objections filed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing and other defendants in this action (collectively, PennDOT) to Count I of Patrick J.

Doheny, Jr.'s (Petitioner) complaint, arguing, among other things, that *res judicata* bars Petitioner from bringing this action because the matters in controversy were previously decided. For the following reasons, we grant PennDOT's preliminary objections and dismiss Petitioner's complaint.

## I.

## A.

In 2013, Petitioner was convicted of driving under the influence (DUI)[1] and aggravated assault while driving under the influence (AA-DUI).[2] On July 3, 2013, he received two separate suspension notices from PennDOT, each informing him that his license would be revoked for one year on the basis of his convictions. One of the suspension notices specified that the suspension was "effective 08/07/13" and the other specified that it was "effective 08/07/14." (Preliminary Objections ¶ 7.) Each of the suspension notices informed Petitioner

---

[1] Section 3802(b) of the Vehicle Code, 75 Pa.C.S. § 3802(b), provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

[2] Section 3735.1(a) of the Vehicle Code, 75 Pa.C.S. § 3735.1(a), provides:

> Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

that he had a right to appeal within 30 days of the mail date. Petitioner did not appeal either of the suspension notices because, purportedly, he assumed that one of the two notices was redundant.

By letter dated August 20, 2013, PennDOT informed Petitioner that because he had consecutive one-year suspensions as a result of the DUI and AA-DUI convictions, his driving privileges would be restored on August 7, 2015. Petitioner then filed a petition with the Court of Common Pleas of Allegheny County (common pleas court) seeking to appeal the suspension notices *nunc pro tunc*, which was granted.

Before the common pleas court, Petitioner contended that he should only receive a one-year suspension, not the two consecutive one-year suspensions. The common pleas court followed our Supreme Court's decision in *Bell v. Department of Transportation, Bureau of Driver Licensing*, 96 A.3d 1005, 1019-20 (Pa. 2014), which held that multiple operating privilege suspensions of listed violations under 75 Pa.C.S. § 1532(a)[3] of the Vehicle Code, that are imposed

---

[3] Section 1532(a) of the Vehicle Code provides:

> The department shall suspend the operating privilege of any driver for one year upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on any of the following offenses:
>
> (1) Any felony in the commission of which a court determines that a vehicle was essentially involved…

* * *

**(Footnote continued on next page…)**

3

following a conviction of each enumerated offense, are not merged and a suspension can be ordered for each conviction to be served consecutively. Accordingly, the common pleas court opinion held, "[in] light of the principles set forth in *Bell* . . . and the absence of any language in the Motor Vehicle Code[4] suggesting merger of the two suspensions, the Court found that the doctrine of merger does not apply to the within civil penalties."[5]

## B.

Petitioner then appealed to this Court, again contending that he should have been subject to a single one-year suspension under *Zimmerman v. Department of Transportation, Bureau of Driver Licensing*, 759 A.2d 953 (Pa. Cmwlth. 2000), *overruled by Bell v. Department of Transportation*, 96 A.3d 1005 (Pa. 2014). Petitioner argued that *Bell* did not overrule *Zimmerman* because *Bell* addressed the statutory construction of violations under Section 1532(a) and (a.1)

---

**(continued…)**

> (3) Any violation of the following provisions:
>
> Section 3735.1 (relating to aggravated assault by vehicle while driving under the influence).

75 Pa. C.S. § 1532(a).

[4] The Vehicle Code, 75 Pa. C.S. §§ 101 – 9805.

[5] The common pleas court opinion is docketed at No. SA 13 – 943, *Commonwealth v. Doheny*.

4

of the Vehicle Code, while his DUI suspension was imposed under Section 3804(e)(2)(i)[6] of the Vehicle Code.

In that appeal, PennDOT contended that we should never get to the merits of the appeal because the common pleas court erred in allowing Petitioner's appeal *nunc pro tunc*. We agreed, holding that the common pleas court erred in addressing the merits by granting *nunc pro tunc* relief. Petitioner petitioned for allowance of an appeal to the Supreme Court, which was denied.

## II.

Petitioner then filed a four-count, 260 paragraph civil action in the common pleas court, seeking monetary damages for violations of his civil rights pursuant to 42 U.S.C. § 1983[7] and 1985(3),[8] as well as injunctive relief, all of which arose out of his original claim that he was only subject to a single one-year suspension rather than two consecutive one-year suspensions. In Count I, which raises the issue that he should have only received the one suspension, Petitioner seeks the following equitable and/or injunctive relief:

> a. Order that the DUI Suspension Notice issued by [PennDOT] to Plaintiff on July 3, 2013 was null and void, *ab initio*;

---

[6] Section 3804(e)(2)(i) of the Vehicle Code provides that suspension shall be "12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter." 75 Pa.C.S. § 3804(e)(2)(i).

[7] 42 U.S.C. § 1983, relating to civil actions for the deprivation of rights.

[8] 42 U.S.C. § 1985(3), relating to depriving persons of rights or privileges.

b. Grant a special and permanent injunction against [PennDOT] that specifically prohibits [PennDOT] from issuing consecutively-running suspensions of operator's privileges to licensees convicted of both felony-grade and misdemeanor DUI convictions arising out of the same motor vehicle accident, unless and until the General Assembly amends the Vehicle Code in such a manner as to require or permit the consecutive issuance and/or service of such suspensions;

c. Order that the July 3, 2013 DUI Suspension Notice issued by [PennDOT] to Plaintiff be vacated and/or rescinded;

d. Order that [PennDOT] remove, from Plaintiff's permanent driver's record, any reference to the July 3, 2013 DUI Suspension Notice ever having been issued by [PennDOT] to Plaintiff;

e. Order that [PennDOT] rescind and remove from Plaintiff's permanent driver's record any period(s) of suspension, points, fines or any other penalties related to the July 3, 2013 DUI Suspension Notice;

f. Order that [PennDOT] immediately return physical custody of Plaintiff's driver's license to Plaintiff free of charge, without Plaintiff having to pay any restoration fee, penalty, or any other charge or fee associated with the return of Plaintiff's driver's license to Plaintiff.

g. Enter any other relief that the Court deems to be just and proper.

(Complaint, ¶ 224.)

PennDOT then had the matter moved to the United States District Court for the Western District of Pennsylvania (district court). After Petitioner filed a first amended complaint to the district court, PennDOT filed a motion to

dismiss the first amended complaint, which the district court granted, dismissing the action in its entirety with prejudice.

Petitioner then filed a motion for reconsideration and to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), seeking to have the district court reconsider and vacate its dismissal order. The district court amended its previous dismissal order to reflect that Count I of the first amended complaint, pertaining to the statutory appeal, should not have been dismissed with prejudice, but declined to extend supplemental jurisdiction over it, as it was purely based in state law. The federal district court then remanded Count I of the first amended complaint to the common pleas court.

PennDOT then filed preliminary objections in the common pleas court arguing, *inter alia*, that the common pleas court lacked jurisdiction because the Commonwealth Court has exclusive and original jurisdiction in matters against the Commonwealth and its agencies.[9] Petitioner stipulated that the common pleas court lacked jurisdiction and the matter was then transferred to this Court. Before us now are PennDOT's remaining preliminary objections.[10]

---

[9] Pursuant to 42 Pa.C.S. §§ 761(a)&(b), the Commonwealth Court has original and exclusive jurisdiction in any civil action or proceeding against the Commonwealth, unless an exception applies.

[10] Preliminary objections should only be sustained if the law says with certainty that no recovery is possible. *Foster v. Peat Marwick Main & Co*., 587 A.2d 382 (Pa. Cmwlth. 1991). Where a preliminary objection presents a question of law, our standard of review is *de novo* and our scope of review is plenary. *Russo v. Allegheny County*, 125 A.3d 113, 122 n.5 (Pa. Cmwlth. 2015).

**III.**

In its preliminary objections, PennDOT contends that this action should be dismissed because it is barred under the doctrine of *res judicata* as the claims Petitioner raises here – that he should have received a one-year suspension rather than two consecutive one-year suspensions – were already decided when he failed to timely appeal the notice of suspension.[11]  Petitioner, however, contends that the doctrine of *res judicata* does not apply because, even though he did not appeal and the common pleas court addressed the merits, there was never a final judgment upon the merits because we vacated the common pleas court order when we held that it erred in granting Petitioner *nunc pro tunc* relief.  We, therefore, address the issue of whether Petitioner's failure to appeal his license suspensions precludes him from bringing a challenge in our original jurisdiction.

Under the doctrine of administrative finality, if an appeal is not taken from a final administrative decision,[12] claim preclusion prevents a collateral attack

---

[11] The doctrine of *res judicata*, also known as claim preclusion, bars a subsequent action between the same parties on any claim that was the subject of an earlier adjudication on the merits.  *See Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995) (holding that "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes **any** future suit between the parties or their privies on the same cause of action.") (emphasis in original) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  In order for a litigant's claim to be barred under this principle, there must be a concurrence of (1) identity of the thing sued upon, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the capacity of the parties. *Stevenson v. Silverman*, 208 A.2d 786, 787-88 (Pa. 1965).  However, the principle of *res judicata* may not be defeated by minor differences of form, parties or allegations when these differences are contrived for the purpose of a party obtaining a second trial on the same cause between the same parties. *Tobias v. Halifax Township*, 28 A.3d 223, 226 (Pa. Cmwlth. 2011).

[12] Final administrative decisions, or "adjudications," are defined under the Administrative Agency Law as:

**(Footnote continued on next page…)**

8

to challenge the effects of the administrative order.  *Department of Environmental Protection v. Peters Township Sanitary Authority*, 767 A.2d 601, 603 (Pa. Cmwlth. 2001).  In *Department of Environmental Resources v. Wheeling-Pittsburgh Steel Corporation*, 348 A.2d 765, 767 (Pa. Cmwlth. 1975), this Court discussed the doctrine of administrative finality, holding that:

> We agree that an aggrieved party has no duty to appeal but disagree that upon failure to do so, the party so aggrieved preserves to some indefinite future time in some indefinite future proceedings the right to contest an unappealed order.  To conclude otherwise, would postpone indefinitely the vitality of administrative orders and frustrate the orderly operations of administrative law.

*Id.* at 767.

In this case, the claims and relief Petitioner seeks in Count I of his complaint are all matters that were effectively decided against him when he failed

---

**(continued…)**

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

2 Pa.C.S. § 101.  This Court has held that administrative actions are "adjudications" when they result in final determinations which affect personal or property rights.  *Shaulis v. Pennsylvania State Ethics Commission*, 739 A.2d 1091, 1099 (Pa. Cmwlth. 1999).  It is well-settled that if an agency action is not an "adjudication," then it is not subject to judicial review by way of appeal.  *Id.*  Because PennDOT's suspension of Petitioner's license affects his personal rights and is subject to judicial review, that suspension constitutes a final administrative decision.

to appeal the license suspension notices. Because he failed to timely appeal the final administrative decisions which gave rise to this action, Petitioner is precluded from bringing any action to challenge the effects of them.

Accordingly, we grant PennDOT's preliminary objections seeking dismissal of Petitioner's amended complaint.[13]

_____
DAN PELLEGRINI, Senior Judge

Judge Cosgrove did not participate in the decision of this case.

---

[13] Because we determine that Petitioner's claims are barred by *res judicata*, we do not need to reach PennDOT's other preliminary objection that this action is barred by sovereign immunity. *See* Pa. Constitution, art. 1, § 11.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick J. Doheny, Jr., an adult : 
individual, : 
               Petitioner : 
  : 
  : 
         v. : No. 253 M.D. 2017
  : 
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing, : 
a governmental agency; : 
Janet L. Dolan, an adult : 
individual; Kara N. Templeton, : 
an adult individual; William A. : 
Kuhar, Jr., an adult individual; : 
Terrance M. Edwards, an adult : 
individual; Donald J. Smith, an : 
adult individual; William J. Cressler, : 
an adult individual; and Philip Murray : 
Bricknell, an adult individual, : 
            Respondents: 

# **O R D E R**

AND NOW, this 19<u>th</u> day of <u>September</u>, 2017, Respondents' preliminary objections are granted and Count I of Petitioner's complaint is dismissed. The Chief Clerk is directed to mark the case as closed.

_____
DAN PELLEGRINI, Senior Judge