**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2168
_____

PATRICK J. DOHENY, JR.,
an adult individual,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING, a government agency;
JANET L. DOLAN, an adult individual; KARA N. TEMPLETON,
an adult individual; WILLIAM A. KUHAR, JR., an adult individual;
TERRENCE EDWARDS, an adult individual;
DONALD J. SMITH, an adult individual;
WILLIAM J. CRESSLER, an adult individual;
PHILIP MURRAY BRICKNELL, an adult individual
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cv-01744)
District Judge: Honorable Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 23, 2019
_____

Before: McKEE, SHWARTZ, and FUENTES, Circuit Judges.

(Filed: July 23, 2019)

_____

OPINION\*

_____

SHWARTZ, <u>Circuit Judge</u>.

Plaintiff Patrick J. Doheny, Jr. appeals the District Court's orders granting

Defendants' motion to dismiss and granting in part and denying in part his motion for

reconsideration.  Because the Court soundly exercised its discretion in remanding Count I

and correctly dismissed Counts II through IV of Doheny's complaint, we will affirm.

I

A

Doheny was involved in a car accident, resulting in his criminal conviction and

sentence for violating two provisions of the Pennsylvania Vehicle Code.  Following his

sentence, the Department of Transportation Bureau of Driver Licensing ("PennDOT")

sent him two "Official Notice of Suspension" letters, each with a mail date of July 3,

2013, informing him of a one-year suspension of his driver's license.  App. 109-14.  The

letters, signed by then-PennDOT Director Janette Dolan, directed Doheny to surrender

his license by August 7, 2013.  In addition, the first letter stated that his suspension

period, based on a violation of 75 Pa. Stat. and Cons. Stat. Ann. § 3735.1, would begin on

August 7, 2013, and the second letter said that his suspension period, based on a violation

of 75 Pa. Stat. and Cons. Stat. Ann. § 3802(b), would begin on August 7, 2014.  The

_____

\* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

letters also advised Doheny of his right to appeal within thirty days of the July 3, 2013 mail date. On August 20, 2013, Doheny received another letter from PennDOT, confirming that he would not be eligible for reinstatement of his operating privileges until August 2015 and describing the reinstatement process.

In September 2013, Plaintiff filed a "petition to file appeal nunc pro tunc" in the Pennsylvania Court of Common Pleas, asserting that the suspension notices were deceptive and prevented his timely appeal. App. 33 (capitalization omitted). The court granted Doheny's petition to file an untimely appeal, but ultimately dismissed his appeal challenging the suspension notice on the merits. Doheny appealed to the Pennsylvania Commonwealth Court, which held that pursuant to 75 Pa. Stat. and Cons. Stat. Ann. § 1550 and 42 Pa. Stat. and Cons. Stat. Ann. § 5571, the Court of Common Pleas erred in granting Doheny's petition to file an untimely appeal. Doheny v. Commonwealth, Dep't of Transp., No. 2019 C.D.2014, 2015 WL 9393952 (Pa. Commw. Ct. Dec. 23, 2015), amended 2016 WL 1002079 (Pa. Commw. Ct. Feb. 17, 2016), pet. for allowance of appeal denied 141 A.3d 436 (Pa. 2016) (Mem.) (per curiam).

B

Doheny sued PennDOT, Dolan, current PennDOT director Kara Templeton, and various PennDOT attorneys[1] in state court. Defendants removed the case to federal court. Doheny filed an amended complaint: (1) seeking declaratory judgments that the

---

[1] These attorneys are PennDOT's Chief Counsel William Cressler, Deputy Chief Counsel Donald Smith, and Assistant Counsel Terrence Edwards, Philip Bricknell, and William Kuhar.

3

two-year suspension is void (Count I) and that 75 Pa. Stat. and Cons. Stat. Ann. § 1550 and 42 Pa. Stat. and Cons. Stat. Ann. § 5571 are unconstitutional (Count II); and (2) requesting prospective injunctive relief (Count III) and damages (Count IV) under 42 U.S.C. § 1983 for violations of his Fourteenth Amendment due process rights.[2]

Defendants moved to dismiss Doheny's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion, holding that (1) the Rooker-Feldman doctrine did not bar consideration of Doheny's claims, Doheny v. Pa. Dep't of Transp., Civ. A. No. 16-1744, 2017 WL 1282716, at *4 (W.D. Pa. Apr. 6, 2017); (2) Defendants were entitled to Eleventh Amendment immunity because Doheny "seeks in Count I a declaration that the Defendant state agency and state official violated state law," id. (emphasis omitted); (3) the thirty-day appeal deadline for a license suspension is constitutional, id. at *5-6; (4) PennDOT is not a person subject to suit under § 1983, id. at *6; (5) PennDOT's attorneys are absolutely immune, id.; and (6) Doheny failed to state a procedural due process claim against Templeton and Dolan because he did not timely invoke the appellate process, and the time period for filing appeals does not violate his due process rights, id. *7.

Doheny moved for reconsideration, which the District Court granted with respect to Count I, remanding that Count to the state court. The Court explained that, even if Defendants had waived Eleventh Amendment immunity, it would decline to exercise

---

[2] Doheny also brought Equal Protection Clause and § 1985(3) claims, which the District Court dismissed. Doheny v. Pa. Dep't of Transp., Civ. A. No. 16-1744, 2017 WL 1282716, at *7-8 (W.D. Pa. Apr. 6, 2017). He does not challenge these rulings.

supplemental jurisdiction over Count I because it is "grounded entirely in state law and the Court has dismissed with prejudice all federal claims."[3] Doheny v. Pa. Dep't of Transp., Civ. A. No. 16-1744, 2017 WL 1493857, at *2 (W.D. Pa. Apr. 26, 2017). The Court did not reconsider its other rulings. Id.

Plaintiff appeals these orders.

## II[4]

### A

Doheny is not entitled to a declaratory judgment that his second suspension notice is void ab initio based on state law. This is a state law claim over which a district court

---

[3] Following the District Court's remand, the Commonwealth Court dismissed Count I, holding that res judicata and administrative finality barred Doheny's collateral attack on the order denying his nunc pro tunc appeal and suspension. Doheny v. Commonwealth, Dep't of Transp., 171 A.3d 930, 935-36 (Pa. Commw. Ct. 2017). The Pennsylvania Supreme Court affirmed. Doheny v. Commonwealth, Dep't of Transp., 187 A.3d 246 (Pa. 2018) (Mem.) (per curiam).

[4] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. We review de novo the Court's order dismissing Doheny's complaint for failure to state a claim under Rule 12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We disregard "a pleading's legal conclusions" but "assume all remaining factual allegations to be true" and construe them in the light most favorable to the plaintiff. Connelly v. Lane Constr. Corp., 809 F.3d 780, 790 (3d Cir. 2016). In addition to the factual allegations in the complaint, we may consider "undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

An appeal of an order denying a motion for reconsideration "brings up the underlying judgment for review." Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982). "[W]hen a district court predicates its denial of reconsideration on an issue of law, our review is plenary, and when it bases its denial on an issue of fact, we review for clear error." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013).

may exercise supplemental jurisdiction. 28 U.S.C. § 1367(a). Here, the District Court acted within its discretion in declining to do so since it "dismissed all claims over which it ha[d] original jurisdiction."[5] 28 U.S.C. § 1367(c)(3); see Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009) ("We review a district court's refusal to exercise supplemental jurisdiction for abuse of discretion.").

Moreover, even if Count I were not dismissed under § 1367, dismissal would be warranted because Doheny fails to state a claim on which relief may be granted. Doheny received two one-year suspensions, one pursuant to 75 Pa. Stat. and Cons. Stat. Ann. § 1532(a), and the other pursuant to 75 Pa. Stat. and Cons. Stat. Ann. § 3804(e)(2)(i). Doheny's argument that the two should have merged into a single one-year suspension is meritless. Under Pennsylvania law, the suspension of Doheny's license and driving privileges was a collateral consequence of his criminal convictions, and thus are not subject to the criminal doctrine of merger. Bell v. Commonwealth, Dep't of Transp., 96 A.3d 1005, 1019 (Pa. 2014).[6] In addition, the language of § 1532(a) shows that

---

[5] We need not resolve whether PennDOT and Templeton waived their Eleventh Amendment immunity by removing Doheny's state complaint to federal court. Defendants did not affirmatively argue Eleventh Amendment immunity on appeal, but rather have adopted the argument that "even if" they were not immune, these Defendants are not "persons" amenable to suit under § 1983. Appellees' Br. at 35.

[6] Applying Bell does not violate the ex post facto clause. See Peugh v. United States, 569 U.S. 530 (2013) (quoting Calder v. Bull, 3 U.S. 386, 390 (1798) and describing four ex post facto categories); Commonwealth v. Muniz, 164 A.3d 1189, 1195 (Pa. 2017) (same). First, the ex post facto clause applies to criminal laws, and as Doheny acknowledges, the suspensions are civil collateral consequences of a criminal proceeding. See Thorek v. Commonwealth, Dep't of Transp., 938 A.2d 505, 509 (Pa. Commw. Ct. 2007) ("The licensing of vehicle operators is civil in nature and is separate and apart from criminal DUI proceedings." (citation omitted)). Second, the ex post facto clause applies to legislative enactments, and Bell is a judicial opinion that interpreted statutes that

6

suspensions are not intended to merge.[7]  Id.  Therefore, because the consecutive suspensions are lawful, Doheny is not entitled to declaratory relief stating that his second suspension notice was invalid under state law.  For this additional reason, the District Court properly dismissed Count I of the complaint.

B

In Count II, Doheny asserts that, facially or as applied, 75 Pa. Stat. and Cons. Stat. Ann. § 1550(a) and 42 Pa. Stat. and Cons. Stat. Ann. § 5571(b) unconstitutionally deprive individuals like him of a right to seek relief from illegal action by PennDOT. This claim fails.

The statutes do not unconstitutionally restrict a petitioner's ability to challenge license suspensions.  The Vehicle Code affords a person "whose operating privilege has been recalled, suspended, revoked or disqualified by [PennDOT] . . . the right to appeal," 75 Pa. Stat. and Cons. Stat. Ann. § 1550(a), if the appeal is "commenced within 30 days after the entry of the order from which the appeal is taken," 42 Pa. Stat. and Cons. Stat.

---

existed at the time of Doheny's offenses.  Commonwealth v. Rose, 127 A.3d 794, 667 (Pa. 2015) ("The ex post facto prohibition is concerned with legislative acts, as opposed to judicial decisions." (citing Rogers v. Tennessee, 532 U.S. 451 (2001)).

[7] Doheny's argument that merger applies because the 2003 General Assembly amendments made suspensions criminal under 75 Pa. Stat. and Cons. Stat. Ann. § 3804 is meritless.  Section 3804 "Penalties" appears within a portion of the Vehicle Code entitled "Operation of Vehicles," in the chapter "Driving After Imbibing Alcohol or Utilizing Drugs."  PennDOT may issue a suspension "upon receiving a certified record of the individual's conviction or an adjudication of delinquency for" an offense under § 3802 ("Driving Under Influence of Alcohol or Controlled Substance").  75 Pa. Stat. and Cons. Stat. Ann. § 3804(e).  Therefore, the section indicates that suspensions are collateral, non-criminal consequences flowing from a DUI conviction.  Bell, 96 A.3d at 1007 (involving a § 3804(e)(2)(i) suspension).

7

Ann. § 5571(b). Thus, the statute provides an adequate period to seek judicial review of a driver's license suspension, and it is facially constitutional.[8]

Doheny's "as applied" challenge, App. 86, also fails because it is actually an effort to have a federal court review the state court order denying his untimely appeal. When a plaintiff sues in federal court after filing suit in state court, the Rooker-Feldman doctrine prohibits a district court from exercising jurisdiction. See ITT Corp. v. Intelnet Int'l, 366 F.3d 205, 210 (3d Cir. 2004). For the doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Here, all four elements are satisfied. First, Doheny lost in his state court proceedings where the Commonwealth Court declined to permit an untimely appeal of his suspensions. Second, Doheny's "as applied" challenge, App. 86, attacks the state

---

[8] The "statutory time limit[] for taking an appeal [is] jurisdictional." Bowles v. Russell, 551 U.S. 205, 210 (2007); Fetherman v. Commonwealth, Dep't of Transp., 167 A.3d 846, 849 (Pa. Commw. Ct. 2017) ("If an appeal [of a license suspension] is not filed within 30 days as statutorily mandated, the court has no jurisdiction to hear the appeal of the suspension unless the delay in filing the appeal was caused by fraud or a breakdown in the administrative process."). Therefore, the Pennsylvania Court of Common Pleas lacked jurisdiction over the late-filed appeal. Fetherman, 167 A.3d at 850; Doheny, 2016 WL 1002079, at *3-4; see also Bowles, 551 U.S. at 213 ("[W]hen an appeal has not been prosecuted in the manner directed, within the time limited by the acts of [the legislature], it must be dismissed for want of jurisdiction." (citation omitted)).

courts for treating PennDOT as a "preferred litigant in statutory appeals" and for failing to credit his argument that his delay in appealing is irrelevant since PennDOT, according to Doheny, never had the jurisdiction to impose consecutive license suspensions in the first place, Appellant's Br. at 35. Therefore, he is complaining of an injury caused by the state court, not by PennDOT's actions or the relevant statutes governing his appellate rights. Third, the Commonwealth Court decision predates this action. Fourth, the relief he seeks would "effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (citation omitted). Therefore, Rooker-Feldman bars a federal court from granting Doheny relief.

For these reasons, the District Court properly dismissed Count II.

C

Doheny's § 1983 claim in Count III against PennDOT and Templeton also fails because, assuming they waived Eleventh Amendment immunity,[9] they may not be sued under § 1983. Under § 1983, only "persons" are amenable to suit. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) ("Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil

---

[9] Because a plaintiff may sue state officials for prospective injunctive relief to end ongoing violations of federal law, Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 318 (3d Cir. 2013), and Doheny seeks only injunctive relief in Count III, Templeton would not be immune from suit. For the same reasons described with respect to Doheny's due process claims against Dolan in Count IV, however, Doheny has not stated violations of federal law and thus is not entitled to injunctive relief. See infra Section III.D.

9

liberties."). The Commonwealth's agency PennDOT[10] and Templeton in her official capacity are not "persons" subject to suit under § 1983. See id. at 71 ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."); Patterson v. Pa. Liquor Control Bd., 915 F.3d 945, 956 n.2 (3d Cir. 2019) ("[A] state, including an entity that is an arm of the state, is not a 'person' under 42 U.S.C. § 1983, and therefore cannot be sued for damages under that statute."). Therefore, the District Court properly dismissed Doheny's § 1983 claim in Count III.

D

The District Court also properly dismissed Doheny's due process claim in Count IV against the PennDOT attorneys and Dolan in their individual capacities.

The PennDOT attorneys are immune from Doheny's claims. The PennDOT attorneys functioned as advocates for the state agency by litigating Doheny's appeals on PennDOT's behalf.[11] "[A]gency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts." Butz v. Economou, 438 U.S. 478, 515 (1978); Light v. Haws, 472 F.3d 74, 78-80 (3d Cir. 2007) (recognizing absolute immunity applies to a defendant who functioned as an agency advocate in bringing a civil compliance action and civil contempt petitions).

---

[10] Other courts have similarly held that state departments of transportation are arms of the state for Eleventh Amendment purposes. See, e.g., U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. Railroad Comm'n of Tex., 898 F.3d 497, 501 (5th Cir. 2018) (holding Texas Department of Transportation is an arm of the state); Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992) (holding Georgia Department of Transportation is an arm of the state).

[11] The alleged conduct here is not an administrative or investigative function that precludes absolute immunity. See Odd v. Malone, 538 F.3d 202, 211-13 (3d Cir. 2008).

Because the PennDOT attorneys were performing prosecutorial functions, they "are immune from a civil suit for damages under § 1983," Imbler v. Pachtman, 424 U.S. 409, 430 (1976), and the claim against them lodged in Count IV was properly dismissed.

Doheny's due process claim against Dolan also fails. While the Fourteenth Amendment's Due Process Clause applies to the deprivation of a driver's license, a post-deprivation hearing and appeal process satisfy due process. Dixon v. Love, 431 U.S. 105, 112, 115 (1977); see Commonwealth, Dep't of Transp. v. McCafferty, 758 A.2d 1155, 1163 (Pa. 2000). To comport with due process, the government need only provide "notice reasonably calculated . . . to apprise interested parties" of property deprivations. Jones v. Flowers, 547 U.S. 220, 226 (2006) (citation omitted). Here, Doheny received two notices of suspension clearly informing him that his license would be suspended for one year beginning August 7, 2013 and another year beginning August 7, 2014. In addition, the letters advised him of his "right to appeal this action to the Court of Common Pleas (Civil Division) within 30 days of the mail date, JULY 03, 2013, of this letter." App. 111, 113. Thus, PennDOT notified him of a thirty-day window to appeal the suspensions before they became effective. "This de novo appeal before a court of law is an appropriate and adequate remedy that can be used to raise any defense, whether constitutional or statutory." Smires v. O'Shell, 126 A.3d 383, 390 (Pa. Commw. Ct. 2015) (discussing 75 Pa. Stat. Ann. § 1550(a)). Furthermore, Doheny cannot claim a constitutional injury arising from a purported due process violation because he never timely invoked the appeal process available to him. See Elsmere Park Club, LP v. Town of Elsmere, 542 F.3d 412, 423 (3d Cir. 2008) ("[T]o state a claim for failure to provide

11

due process, a plaintiff must have taken advantage of the processes that are available to him or her . . . . Thus, the [plaintiff's] failure to take advantage of that process means it cannot claim a constitutional injury." (internal quotation marks and citation omitted)). For these reasons, Doheny fails to state a due process claim against Dolan.

Therefore, the District Court properly dismissed Count IV.

## III

For the foregoing reasons, we will affirm.[12]

---

[12] Leave to amend would be futile. Many of the parties Doheny attempts to sue are either immune from or not amenable to suit, and he fails to state claims for relief based on constitutional violations. Doheny's assertion that "the Commonwealth Court created additional due process violations for which amendment of the complaint is not only appropriate, but necessary, to address," Appellant's Br. at 47, also does not support amendment. Not only did he fail to provide a proposed amended complaint to the District Court, but Doheny's vague comment does not show that he could state claim for relief.

We also decline to grant Doheny's motion to certify the issues in Count I to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court has already supplied the precedent we need to resolve the issues presented. See Pa. R. App. P. 3341(c).

12