IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roger Glahn and Donna Gorencel,   :
  :
         Petitioners   :
  :
      v.   : No. 11 M.D. 2022
  : Submitted: February 6, 2024
Commonwealth of Pennsylvania,   :
Department of Environmental   :
Protection,   :
  :
        Respondent   :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                     FILED: April 23, 2024


      Roger Glahn and Donna Gorencel (together, Petitioners) filed an amended petition for review (PFR) in our original jurisdiction, seeking declaratory and mandamus relief against the Department of Environmental Protection (Department) for the Department's failure to perform a timely and lawful inspection of the water supply to two properties owned by Petitioners. The Department filed preliminary objections (POs) to Petitioners' PFR, seeking to dismiss based on the doctrine of administrative finality and because Petitioners failed to state a valid mandamus claim. We sustain the Department's POs on the basis of administrative finality and failure to state a valid mandamus claim and dismiss the PFR.

The relevant background from the PFR[1] and our Court dockets is as follows. Petitioners own two properties, one located at 308 Douglas Hollow Road, Mehoopany, Wyoming County, Pennsylvania, where they reside (308 Property), and another located at 648 Douglas Hollow Road, Mehoopany, Wyoming County, Pennsylvania (648 Property) (together, Properties). The Properties are subject to oil and gas leases. Petitioners aver that the water supply to the Properties has been polluted or diminished by various oil and gas drilling activities on and near the Properties. In July 2021, pursuant to Section 3218(b) of the Oil and Gas Act, 53 Pa. C.S. §3218(b) (Act),[2] Petitioners requested that the Department investigate the water

---

[1] Petitioners filed their first PFR with this Court on January 11, 2022. Petitioners also filed several Applications for Special and Emergency Relief, seeking mandamus relief, injunctive relief, expedited relief, attorney's fees, and sanctions, which were denied by this Court in a Memorandum and Order entered on February 15, 2022, and by an Order entered on February 16, 2022 (single-judge opinion and orders, issued Per Curiam). Petitioners appealed the Court's February 16, 2022 order to the Supreme Court, which quashed the appeal. *See Glahn v. Department of Environmental Protection*, 273 A.3d 1011 (Pa. 2022). Petitioners filed a new Application for Relief seeking mandamus relief, which the Court treated as an amended PFR, after which Petitioners filed three amended PFRs, most recently on March 24, 2023. The amended PFR filed on March 24, 2023, is the operative PFR.

[2] Oil and Gas Act, 58 Pa. C.S. §§2301-3504. Specifically, Section 3218(b) of the Act provides:

> A landowner or water purveyor suffering pollution or diminution of a water supply as a result of the drilling, alteration or operation of an oil or gas well may so notify the [D]epartment and request that an investigation be conducted. Within ten days of notification, the [D]epartment shall investigate the claim and make a determination within 45 days following notification. If the [D]epartment finds that the pollution or diminution was caused by drilling, alteration or operation activities or if it presumes the well operator responsible for pollution under subsection (c), the [D]epartment shall issue orders to the well operator necessary to insure compliance with subsection (a), including orders requiring temporary replacement of a water supply where it is determined that pollution or diminution may be of limited duration.

supply to the 308 Property. In November 2021, Petitioners requested that the Department investigate the water supply to the 648 Property. When the Department failed to issue a determination from its investigation of the 308 Property by the 45-day statutory deadline, Petitioners appealed the Department's inaction to the Department's Environmental Hearing Board (Board). The Board dismissed the appeal upon determining that Petitioners had not appealed any "action" of the Department, depriving the Board of jurisdiction. (First 308 Board Appeal). Petitioners sought review of the Board's dismissal, which we affirmed in *Glahn v. Department of Environmental Protection (Environmental Hearing Board)*, 298 A.3d 455 (Pa. Cmwlth. 2023).

While the First 308 Board Appeal was pending, the Department completed its investigation of the 308 Property and determined that SWN Production Company, LLC (SWN Production) was presumptively liable for slightly elevated turbidity, iron, and aluminum present in the water supply because the water supply is within the statutorily prescribed distance and timing criteria under Section 3218(c) of the Act, 58 Pa. C.S. §3218(c).[3] As a result, pursuant to Section 3218(c.1) of the Act, 58 Pa. C.S. §3218(c.1),[4] SWN Production was required to begin supplying water to Petitioners on a temporary basis, which it did. Sometime later, pursuant to

---

[3] Section 3218(c) of the Act provides that "it shall be presumed" that a well operator is responsible for pollution of a water supply if it is within 1000 feet of an oil or gas well and the pollution occurred within six months after completion of drilling or alteration to the well. The distance and timing criteria are increased in the case of an unconventional well.

[4] Section 3218(c.1) of the Act requires a well operator to provide a temporary water supply if the affected water supply is within the presumptive area in subsection (c).

3

Section 3218(d) of the Act, 58 Pa. C.S. 3218(d),[5] SWN Production submitted a report to the Department to rebut its presumptive liability. The Department reviewed the report and determined that SWN Production rebutted the presumption by showing there was not a hydrogeologic connection between the water supply to the 308 Property and SWN Production's oil and gas activities. Sometime thereafter, SWN Production stopped providing water to Petitioners. The Department notified Petitioners and SWN Production of its determination that presumptive liability had been rebutted, and Petitioners appealed this determination to the Board (Second 308 Board Appeal). On December 15, 2022, Petitioners voluntarily withdrew the Second 308 Board Appeal, and on the same date the Board terminated the appeal, marking the docket closed and discontinued. Petitioners did not appeal the Board's closing order.[6]

As to the 648 Property, the Department responded to Petitioners' request by opening an investigation and attempting to gather basic information about the water supply pursuant to Section 78.51 of the Department's regulations, 25 Pa.

---

[5] Section 3218(d) of the Act provides a list of affirmative defenses a well operator must prove to rebut the presumption in subsection (c), for example, proof that the pollution existed prior to the drilling activity.

[6] Petitioners do not dispute that they voluntarily withdrew their appeal in the Second 308 Board Appeal, or that the Department closed the matter. *See* Petitioners' Brief in Opposition to the Department's Preliminary Objections at 9-12. We also take judicial notice of the Board's docket in the Second 308 Board Appeal which confirms the withdrawal and closure of the matter. https://ehb.courtapps.com/public/document_shower_pub.php?csNameID=6105 (last visited 4/22/24). Although this Court does not typically take judicial notice of records in another case when considering preliminary objections, because Petitioners reference this matter in the PFR, it is appropriate to take judicial notice of the Board's docket. *Guarrasi v. Scott*, 25 A.3d 394, 397 n.3 (Pa. Cmwlth. 2011).

Code §78.51.[7]  The Department argues that Petitioners' counsel failed to provide the necessary information and failed to permit the Department to test the water supply at the 648 Property, which hampered the Department's investigation.  The Department notified Petitioners that it could not proceed with the investigation without background information and testing.  Petitioners agree they did not provide background information or permit testing, although they disagree with the Department's characterization.  See Petitioners' Brief at 10-11.  In December 2021, Petitioners appealed the Department's failure to investigate the 648 Property to the Board (648 Board Appeal).  On June 26, 2022, Petitioners voluntarily withdrew the 648 Board Appeal, and on June 27, 2022, the Board terminated the appeal, marking the docket closed and discontinued.  Petitioners did not appeal the Board's closing order.[8]

Petitioners' PFR seeks declaratory and mandamus relief with the goal of compelling the Department to perform thorough and lawful investigations of the water supply to the Properties, because they are dissatisfied with the Department's investigation of the 308 Property and its lack of investigation of the 648 Property.

---

[7] Pursuant to Section 78.51 of the Department's regulations, the request for investigation under Section 3218(b) of the Act must include the name, address, and telephone number of the requestor, details about the water supply, if known, and a description of the pollution or diminution.

[8] Petitioners do not dispute that they voluntarily withdrew their appeal in the 648 Board Appeal, or that the Department closed the matter.  See Petitioners' Brief at 11-13.  We also take judicial notice of the Board's docket in the 648 Board Appeal which confirms the withdrawal and closure.  https://ehb.courtapps.com/public/document_shower_pub.php?csNameID=6089  (last visited 4/22/24).  Although this Court does not typically take judicial notice of records in another case when considering preliminary objections, because Petitioners reference this matter in the PFR, it is appropriate to take judicial notice of the Board's docket.  Guarrasi, 25 A.3d at 397 n.3.

The Department's POs[9] argue that the PFR should be dismissed for legal insufficiency pursuant to Pa.R.Civ.P. 1028(a)(4) based on the doctrine of administrative finality and failure to satisfy the elements of a mandamus claim.[10]

The following legal framework will assist in our analysis. As to Petitioners' request for declaratory relief, courts shall have the power to "declare rights, status, and other legal obligations" under Section 7532 of the Declaratory Judgments Act, 42 Pa. C.S. §7532 (DJA).[11] The DJA's purpose is remedial. "Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and

---

[9] The Department also filed POs pursuant to Pa.R.Civ.P. 1028(a)(8) (full, complete, and adequate non-statutory remedy at law) and 1028(a)(2) (inclusion of scandalous or impertinent matter), but it did not argue these POs in its brief to this Court. Therefore, we find that the Department waived these POs, and we will not address them further. *See* Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998), *cert. denied*, 526 U.S. 1070 (1999) (holding that the failure to develop issue in appellate brief results in waiver); *Browne v. Department of Transportation*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004) ("At the appellate level, a party's failure to include analysis and relevant authority results in waiver.").

[10] Pa.R.Civ.P. 1028(a)(4) permits preliminary objections to be filed for "legal insufficiency of a pleading (demurrer)." When ruling on preliminary objections, this Court shall sustain such objections and dismiss the PFR only in cases that are clear and free from doubt that the law will not permit recovery. In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pleaded allegations in the PFR and all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. A demurrer will not be sustained unless the face of the PFR shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992) (internal citations omitted).

[11] Declaratory Judgments Act, 42 Pa. C.S. §§7531-7541.

6

administered." Section 7541(a) of the DJA, 42 Pa. C.S. §7541(a); *Bayada Nurses, Inc. v. Department of Labor and Industry*, 8 A.3d 866, 874 (Pa. 2010).

As to Petitioners' mandamus claim,

> [t]he common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. *McGill v. Pennsylvania Department of Health, Office of Drug & Alcohol Programs*, 758 A.2d 268, 270 (Pa. Cmwlth. 2000). "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, [] 681 A.2d 1331, 1335 ([Pa.] 1996). Mandamus requires "[1] a clear legal right in the [petitioner], [2] a corresponding duty in the [respondent], and [3] a lack of any other adequate and appropriate remedy at law." *Crozer Chester Medical Center v. Bureau of Workers' Compensation, Health Care Services Review Division*, 22 A.3d 189, 193 (Pa. 2011) (citations omitted). Mandamus is not available to establish legal rights but only to enforce rights that have been established.

*Sinkiewicz v. Susquehanna County Board of Commissioners*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015). **"Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way."** *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007) (emphasis in original). Further, "[i]n the context of a discretionary act, a [C]ourt can issue such a writ to mandate the exercise of its discretion in some fashion, but not to require that it be exercised in a particular manner." *Sever v. Department of Environmental Resources*, [] 514 A.2d 656, 660 ([Pa. Cmwlth.] 1986) (quoting *U.S. Steel Corp. v. Padadakos*, [] 437 A.2d 1044, 1046 ([Pa. Cmwlth.] 1981)).

*Stodghill v. Pennsylvania Department of Corrections*, 150 A.3d 547, 552 (Pa. Cmwlth. 2015), *aff'd*, 177 A.3d 182 (Pa. 2018). *See also Perkasie Borough Authority v. Hilltown Township Water and Sewer Authority*, 819 A.2d 597, 603 (Pa. Cmwlth. 2003), in which our Court held that "[m]andamus will not lie to compel the performance of a discretionary act or to govern the manner of performing an otherwise required act."

Petitioners seek a declaration that the Department's inaction on Petitioners' complaints violates the Environmental Rights Amendment of the Pennsylvania Constitution[12] and Section 3218(b) of the Act. The Department argues that declaratory relief is not available when Petitioners failed to utilize the Board appeal process, demonstrated by their voluntary withdrawals of the Second 308 Board Appeal and the 648 Board Appeal, and their failure to appeal the Board's closure of each appeal. The Department argues that declaratory relief is not available where the underlying matter is "within the exclusive jurisdiction of a tribunal other than a court." Section 7541(c)(2) of the DJA, 42 Pa. C.S. §7541(c)(2). The Department argues that the relief sought by Petitioners, namely, a declaration that

---

[12] Article I, section 27 of the Declaration of Rights in the Pennsylvania Constitution (Environmental Rights Amendment) provides:

> The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

Pa. Const. art. I, §27. The Department has duties as trustee under the Environmental Rights Amendment to conserve and maintain our public natural resources, including groundwater. *See Gibraltar Rock, Inc. v. Department of Environmental Protection*, 286 A.3d 713 719 (Pa. 2022); *Pennsylvania Environmental Defense Foundation v. Commonwealth*, 161 A.3d 911, 939 (Pa. 2017).

8

the Department's investigation into the 308 Property should have been performed under the timelines of Section 3218(b) of the Act, and that the Department should have conducted different tests to comply with the Environmental Rights Amendment, were before the Board in the Second 308 Board Appeal, but were not addressed because Petitioners voluntarily withdrew the appeal and failed to appeal the Board's closure. The Department further argues that the relief sought by Petitioners as to the 648 Property, namely, a declaration that the Department's failure to investigate violated the timelines of Section 3218(b) of the Act and the Environmental Rights Amendment, were before the Board in the 648 Board Appeal but were not addressed because of Petitioners' voluntary withdrawal and failure to appeal the Board's closure.

Petitioners respond, in relevant part, that they could not have received the relief they sought before the Board, because the Board lacks jurisdiction over their constitutional claims. The Department responds that although there is an exception to the doctrine of exhaustion of administrative remedies where the constitutionality of a statute is challenged, this exception applies to a facial challenge, and not to Petitioners' as-applied challenge, citing in support *Funk v. Department of Environmental Protection*, 71 A.3d 1097, 1101-02 (Pa. Cmwlth. 2013). Finally, the Department argues that Petitioners should be barred under the doctrine of administrative finality from challenging the Board's closures of their Second 308 Board Appeal and 648 Board Appeal, which they did not appeal, through a collateral attack by way of a declaratory judgment action, citing in support *Doheny v. Department of Transportation, Bureau of Driver Licensing*, 171 A.3d 930, 935 (Pa. Cmwlth. 2017).

9

As to the mandamus action, Petitioners seek to compel the Department to complete its investigations of the Properties. The Department argues that mandamus is unavailable to compel the Department to complete an investigation of the 308 Property, when the investigation has already been completed. As to the 648 Property, the Department argues that Petitioners cannot compel the Department to complete an investigation when Petitioners failed to provide water supply information or permit the Department to test the water supply. In both instances, the Department objects to mandamus relief because Petitioners cannot demand that the Department conduct its investigations in a certain manner.

After careful review of the allegations in the PFR, we sustain the Department's first PO and dismiss the PFR because it is barred by the doctrine of administrative finality. When Petitioners voluntarily withdrew the Second 308 Board Appeal and the 648 Board Appeal, and failed to appeal the Board's case closures, the result was that they abandoned their claims that the Department's investigations were faulty. Petitioners cannot attempt to circumvent these final orders by filing a declaratory judgment action seeking the same relief, i.e., new or different Departmental investigations.

In *Doheny*, 171 A.3d 930, our Court considered whether a licensee who failed to appeal two, separate, one-year suspensions of his driver's license was barred from later seeking injunctive relief through a civil rights action. The Department of Transportation filed POs seeking dismissal of the action under the doctrine of *res judicata*. *Id.* at 934. The Court held that "[u]nder the doctrine of administrative finality, if an appeal is not taken from a final administrative decision, [] claim preclusion prevents a collateral attack to challenge the effects of the administrative order." *Id.* at 935 (footnote omitted). The Court explained that

10

> the claims and relief [the licensee] seeks in Count I of his complaint are all matters that were effectively decided against him when he failed to appeal the license suspension notices. Because he failed to timely appeal the final administrative decisions which gave rise to this action, [the licensee] is precluded from bringing any action to challenge the effects of them.

*Id.* at 935-36. The Court sustained the Department of Transportation's POs and dismissed the licensee's complaint. *Id.* at 936. Similarly, here, the declaratory relief sought by Petitioners was effectively decided when they failed to appeal the Board's orders closing the Second 308 Board Appeal and the 648 Board Appeal. We further agree with the Department that an exception to the doctrine of administrative finality is not available here where Petitioners' constitutional challenge to the Department's actions is an as-applied challenge. *Doheny*, 171 A.3d at 936; *Funk*, 71 A.3d at 1101-02. Therefore, Petitioners are precluded from seeking declaratory relief to challenge the effects of the Board's case closures from which they did not appeal.

We also sustain the Department's second PO on the ground that Petitioners failed to state a valid mandamus claim. Petitioners correctly argue that this Court held that the investigation timelines in Section 3218(b) of the Act would appear to be mandatory. *Glahn*, 298 A.3d 455, 462 n.11. However, in *Glahn*, the Court affirmed the Board's dismissal of Petitioners' First 308 Board Appeal for lack of jurisdiction, because the Department's failure to render a determination within the statutory timeframe did not constitute an appealable action within the Board's jurisdiction. *Id.* at 463-64. In so doing, the Court shared the Board's disapproval of the Department's prolonged inaction, and noted as follows.

> The proper recourse to address the Department's prolonged inaction is a mandamus action to compel the Department to issue a determination in accordance with Section 3218(b) of the Oil and Gas Act. [] That said, we note that on June 8, 2021, 11 months after Petitioners filed

11

> their complaint, the Department issued a determination of pollution presumption against SWN [Production], thereby removing the basis for a mandamus action under Section 3218(b) of the Oil and gas Act for failure to issue a timely determination.

*Id.* at 464 n.13 (internal citations omitted).

Later, the Department issued another determination that SWN Production rebutted the presumption of pollution, and Petitioners abandoned their appeal of that determination in the Second 308 Board Appeal. Because the Department has already issued determinations as to its investigations of the water source on the 308 Property, there is no remaining Departmental action pertaining to the 308 Property for Petitioners to compel through mandamus. Further, to the extent that Petitioners seek to require the Department to perform its investigations differently on the Properties, mandamus is not available to direct the Department how it must perform required investigations. *Perkasie Borough Authority*, 819 A.2d at 603.

Accordingly, we sustain the Department's POs based on the doctrine of administrative finality and failure to state a valid mandamus action, and dismiss the PFR with prejudice.

_____

MICHAEL H. WOJCIK, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roger Glahn and Donna Gorencel, :
:
Petitioners :
:
v. : No. 11 M.D. 2022
:
Commonwealth of Pennsylvania, :
Department of Environmental :
Protection, :
:
Respondent :

# **O R D E R**

AND NOW, this 23rd day of April, 2024, the preliminary objections of the Department of Environmental Protection are SUSTAINED, and Roger Glahn and Donna Gorencel's Petition for Review is DISMISSED with prejudice.

_____
MICHAEL H. WOJCIK, Judge